No. 13344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

-------------------

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RONALD GENE EMMETT,

Defendant and Appellant.

-------------------

Appeal from: District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Kampfe, Tolliver and Wright, Billings,
Montana
D. Frank Kampfe argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
John F. North argued, Assistant Attorney General,
Helena, Montana
Richard A. Simonton, County Attorney, argued,
Glendive, Montana

-------------------

Submitted: October 13, 1976

Decided: DEC 13 1976

Filed: DEC 13 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I.Haswell delivered the Opinion of the Court.

Defendant Ronald Emmett appeals from an order of the district court, Dawson County, revoking his deferred imposition of sentence and sentencing Emmett to two and one-half years in Montana State Prison.

On March 24, 1975 defendant Emmett was charged with felony possession of marijuana in violation of section 54-133, R.C.M. 1947. That same day he pled guilty and the court ordered imposition of sentence deferred for three years provided defendant complied with a number of conditions during that period. After compliance with the conditions for three years, the charges would be dismissed.

On September 30, 1975 Emmett's probation officer reported to the county attorney alleged violations of conditions of Emmett's deferred sentence. The county attorney in turn petitioned the court to revoke the deferral and impose sentence of five years in prison. Other violations subsequent to the filing of this first petition were alleged prior to the hearing.

Hearing was held December 23, 1975. The court found Emmett violated the terms of his deferred sentence, revoked the deferral, and sentenced him to two and one-half years in Montana State Prison with credit for thirty days previously served in the Dawson County jail.

The issues are:

(1) Did the district court have authority to revoke the deferred sentence and impose sentence?

(2) Was there sufficient evidence to find defendant violated the conditions of his deferred sentence and to warrant imposing the two and one-half year prison sentence?

Defendant's argument on the first issue is that the district court had relinquished its jurisdiction to the Board of Pardons by its order of March 24, 1975, deferring imposition of sentence. Condition 10 of that order reads:

"10) The Defendant is placed under the supervision and control of the State Board of Pardons and is to abide by their rules and regulations".

Defendant relies on the language of the last paragraph of section 95-2206, R.C.M. 1947, which reads:

"Any judge who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under this section, or his successor, is authorized thereafter, in his discretion, during the period of such suspended sentence or deferred imposition of sentence to revoke such suspension or impose sentence and order such person committed, or may, in his discretion, order the prisoner placed under the jurisdiction of the state board of pardons as provided by law, or retain such jurisdiction with this court. Prior to the revocation of an order suspending or deferring the imposition of sentence, the person affected shall be given a hearing." (Emphasis supplied.)

The trial judge followed the provisions of section 95-2206, R.C.M. 1947. He deferred sentence. Condition 10 of the court's order placed Emmett under the supervision of a probation officer, and the rules and regulations of the Board of Pardons. Thereafter the court held a hearing, found Emmett had violated the conditions, and in its discretion imposed sentence of imprisonment.

Any uncertainty was eliminated by the court's remarks to defendant when he deferred imposition of sentence to the effect that if defendant did not abide by the conditions of deferral, the court would impose a sentence of imprisonment and by the following provision of the court's order of March 24:

- 3 -

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED
that if the Defendant fails to comply with any
of the above conditions a bench warrant of arrest
will be issued, the Defendant apprehended and the
said Defendant will be required to appear before
this Court for further proceedings."

Defendant's argument on the second issue is that there

was no credible evidence of a violation of the conditions of

the deferred sentence. Additionally, he argues the evidence

presented did not warrant the imposition of a prison sentence

and he was "violated" because the parole officer and county

attorney believed he had a bad attitude.

In support of its order imposing sentence the court made

these findings of fact:

"1) The Court hereby finds from the testimony
and the admission of the Defendant that while on
probation he was in the Jordan Hotel, Lulhaven Bar,
Glendive Moose Club and Beer Jug, all of which
places serve intoxicating liquors.

"2) That September 8, 1975, he was present at the
scene of aggravated assault upon police officers and
that he joined in the yelling and encouraged others
to 'do a good job'.

"3) The testimony of witnesses and admission of
the Defendant indicates that he shouted obscenities
or profanities at a Police Department dispatcher while
incarcerated in the Dawson County jail on April 6, 1975.

"4) That Condition #2 of the Court's prior judgment
was violated in that the Defendant failed to reimburse
Dawson County for the costs of his jail incarceration
or attorney's fees.

"5) That the evidence and admission of the Defendant
indicates he pleaded guilty to a charge of reckless
driving while on probation, that he was involved in an
accident, and that liquor was found in his vehicle.

"6) That the Defendant admitted he forfeited bond for
speeding while on probation.

"That the admission of the Defendant and the evidence
at the hearing, as set forth above, are violations of
the terms and conditions of the defendant's probation."

- 4 -

There is no real conflict as to the underlying facts.

Condition 5 of defendant's deferred sentence was that he "not frequent any place where intoxicating liquor or beer is sold." Emmett admitted going into the Jordan Hotel dance hall one night to attend a dance where drinks could be brought in from the bar in another room. He testified he did not have any intoxicants and he had permission from his probation officer. The probation officer testified against Emmett but did not deny this statement. Emmett admitted going into the Lulhaven Bar to tell another man he could come to work for Emmett's employer. Defendant admitted he had been at the Moose Club one night to attend a wedding dance but that he was not drinking. He testified he went into the Beer Jug on a Sunday afternoon and had a sandwich and a 7-Up soft drink at the lunch counter.

Condition 7 was:

"The Defendant shall conduct himself in a law abiding manner and shall not violate any law of the United States or of the State of Montana or the ordinance of any city or town during said term."

At the wedding dance at the Moose Club an altercation broke out involving several police officers and a number of young people. Subsequently Emmett testified for the defense of two young men charged with assault against the police officers. He admitted being in the crowd and shouting encouragement, but also testified that he prevented another young man from hitting an officer and that he left early.

Emmett was required to serve thirty days in jail as a condition of deferment. He admitted that once during that time he shouted obscenities at the female police dispatcher when his meal was a couple of hours late.

- 5 -

Emmett testified he received a reckless driving citation when he and a friend saw each other on a street and attempted to pull their cars alongside each other resulting in a serious collision. He claimed the empty bottles and liquor found in his car at that time were probably left from when a friend borrowed his car. He admitted receiving a speeding citation and forfeiting bond on another occasion.

Conditions 2 and 3 were "the Defendant pay his own costs of incarceration including board at the rate of $3.00 per day" for the thirty days served in jail and that "the Defendant within a reasonable time, reimburse Dawson County for the fees charged by his court appointed attorney". He testified he consulted his court appointed attorney on three occasions concerning this and concluded he had to pay within the three years of his deferred sentence unless he was asked to pay sooner, which he was not.

Defendant argues that his probation officer's negative feelings towards him and his views on the marijuana laws are the real source of his difficulty. He argues that over the nine month period the probation officer should have admonished him for his visits to the bars and should have requested the ordered payments be made to the county before charging him with violations for these shortcomings.

The state argues the evidence was sufficient to support the court's finding that Emmett violated the conditions imposed by the court and that although none of these acts singly need lead to a revocation of the deferred sentence, their cumulative effect indicates a contempt for the court's order, the rules and regulations of the Board of Pardons, and the laws of the state of Montana.

Although part of the evidence supporting some of the alleged individual violations is questionable, we find there was substantial evidence to support the district court's conclusion that Emmett violated the terms of his deferred sentence.

Defendant further argues that his acts do not warrant a sentence of imprisonment in the Montana State Prison for two and one-half years. However that may be, the sentence is for conviction of a felony for which the statute provides a possible sentence of imprisonment not to exceed five years. Section 54-133(c), R.C.M. 1947. We hold the sentence legal and the court acted within its discretion. We leave to the Sentence Review Division a review of the equities of the sentence.

Accordingly, the judgment is affirmed.

_____
                        Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. LeRoy L. McKinnon, District
Judge sitting for Justice
Wesley Castles.