548 P.2d 1202

**STATE of Arizona, Appellee,**

v.

**Harlan Eugene PITTS and Jim Lee Mills,
Appellants.**

**No. 1 CA–CR 1183.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 22, 1976.

Rehearing Denied May 27, 1976.

Review Granted June 22, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Wolfinger, Lutey & Preston by Ronald C. Ramsey, Prescott, for appellants.

OPINION

FROEB, Judge.

Appellants each entered a plea of guilty to theft of a steer in violation of A.R.S. §§ 13–661 and 13–663, as amended, and A.R.S. § 13–671, as amended. At the time set for sentencing, the trial judge suspended imposition of each of their sentences for four years and placed them on probation. Each of their terms of probation included, in part, 30 days in the county jail and a fine of $1,000.

On appeal, they argue:

1. the fine exceeded the amount permitted by A.R.S. § 13–1647;

2. the trial judge committed error in excising the probation officer's summary and recommendation from the pre-sentence report; and

3. the sentences imposed were excessive.

As to the first issue, A.R.S. § 13–1647 states:

> Upon conviction of a crime punishable by imprisonment in jail or prison and to which no fine is prescribed, the court may impose a fine on the offender not exceeding two hundred dollars in addition to the punishment prescribed.

There is no fine prescribed by A.R.S. § 13–671 for a violation of either A.R.S. §§ 13–661 or 13–663.

■ Although we agree that a fine of $1,000 exceeded that allowed by A.R.S. § 13–1647 and was therefore illegal, we think the imposition of a "fine" after suspending the imposition of a sentence is itself without legal authority.

■ It is settled that the power of a superior court to suspend the imposition or execution of a sentence must be found in the statutes. *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976); *State v. Edge,* 96 Ariz. 302, 394 P.2d 418 (1964); *State v. Bigelow,* 76 Ariz. 13, 258 P.2d 409 (1953); *Smith v. State,* 37 Ariz. 262, 293 P. 23 (1930); *State v. McKelvey,* 30 Ariz. 265, 246 P. 550 (1926).

■ A "fine" is a criminal penalty, *State v. Dickens,* 66 Ariz. 86, 183 P.2d 148 (1947), and clearly constitutes a "sentence," as defined in Rule 26.1, Arizona Rules of Criminal Procedure.

In *State v. Van Meter,* 7 Ariz.App. 422, 440 P.2d 58 (1968), the court was faced with a situation analogous to the instant case. After a finding of guilty, the trial judge suspended imposition of sentence for one year, and placed the defendant on probation, subject to certain conditions. One of the conditions was that he be confined in the county jail for not less than four months. The court, in reviewing the sentence, stated:

> We can find no authority for giving both probation and a jail sentence for the crime . . . . The right to sus-

pend the imposition of a sentence in a criminal case is regulated by statute, and can only be exercised in accordance with the terms of the statute. . . .

> The incarceration of a person in the county jail is the passing of a sentence and not the suspension thereof. The fact that the court terms it as a condition of probation does not render it any the less a sentence of imprisonment. No authority existing for the dual sentence imposed, it is illegal and must be set aside. [7 Ariz.App. at 428, 440 P.2d at 64.]

Accord, *State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973).[1]

The same reasoning applies here. Imposition of a fine is the passing of a sentence and not the suspension of sentence. The fact that the court terms it a condition of probation does not render it any the less a sentence. We are not here dealing with a condition of probation which requires the defendant to make restitution to the crime victim. That would be a wholly different matter.

There is no statutory authority supporting the imposition of a fine as a condition of probation, except in one narrowly defined instance. A.R.S. § 13–1657(A)(2) states:

> If the sentence is to pay a fine, and the defendant is imprisoned until the fine is paid, the court, upon imposing sentence, may direct that the execution of the sentence of imprisonment be suspended for such period of time, not exceeding the maximum term of sentence which may be imposed and on such terms as it determines, and shall place the defendant on probation . . . .

This statute must be read in conjunction with A.R.S. § 13–1648(A) which states:

> A sentence that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, but the sen-

---

1. Following the decision in *Van Meter,* A.R.S. § 13–1657 was amended to allow up to one year to be served in the county jail as a condition of probation.

tence shall specify the extent of the imprisonment, which shall not exceed one day for every dollar of the fine, nor extend in any instance beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted.

■ The latter statute permits imprisonment of the defendant within strictly defined limits until the fine is paid. Reading both statutes together, it is apparent that when the defendant is sentenced to pay a fine it can be enforced by imprisonment, provided the sentence of potential imprisonment be pronounced at the time the fine is levied. Otherwise, if a fine were permitted to be merely a "condition of probation," the default in payment could result in revocation of probation and imprisonment for the maximum period allowed by the statute for the crime for which the defendant was convicted. In that event, the failure to pay a fine might result in imprisonment far exceeding the period permitted by the express language of A.R.S. § 13–1648.

■ Another statute, A.R.S. § 13–1659(2), appears contradictory in that it allows the court to make payment of a fine a condition of probation. It states:

> When a defendant sentenced to pay a fine is also sentenced to probation, the court may make the payment of the fine a condition of probation.

It can be argued that the legislature intended to authorize a fine as a condition of ordinary probation by this statute, yet we are persuaded to the opposite conclusion by the specific language used. The statute begins by referring to instances "when" a defendant is "sentenced" to pay a fine. This refers to something other than when the sentence is "suspended" as in the case of ordinary probation under A.R.S. § 13–1657(A)(1).[2] In fact, the statute is consistent with the concept of sentencing to pay a fine outlined in A.R.S. § 13–1657(A)(2). The language of the statute, while ambiguous, can be construed harmoniously with A.R.S. § 13–1657(A)(2), whereas we would need to ignore the plain meaning of the words "when" and "sentenced" to construe it as authorizing a new condition of ordinary probation authorized under A.R.S. § 13–1657(A)(1). Moreover, had the legislature intended to allow the levy of a fine as a condition of ordinary probation, we would assume that it would amend A.R.S. § 13–1657(A)(1) just as it did in 1970 when it added as a condition of probation "incarceration in the county jail for a specified period not to exceed one year." Instead, the statute in question is set forth as a part of A.R.S. § 13–1659, perhaps as a coordinate to A.R.S. § 13–1660, also added at the same time in 1972. In any event, we believe the ambiguity which A.R.S. § 13–1659(2) presents can best be resolved by giving it the interpretation set forth, with the knowledge that if the legislature wishes to make the levy of a fine a condition of ordinary probation, it may do so. For now, if the trial court wishes to levy a fine against the defendant, the only form of probation available is that which is provided by A.R.S. § 13–1657(A)(2).

Since the sentences and probation imposed were without legal authority, they must be set aside and the appellants resentenced.

Appellants also claim that the trial court's failure to comply with the requirements of Rule 26.6(c) by not stating reasons for excising the recommendations of

2. A.R.S. § 13–1657(A)(1), as amended in 1970 (and in this opinion sometimes referred to as "ordinary" probation), reads:

The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year.

the adult probation officer was error. Rule 26.6(c), in effect at the time of sentencing but since amended, stated:

> The court may excise from the copy of the pre-sentence, diagnostic and mental health reports disclosed to the parties:
>
> (1) Diagnostic opinions which may seriously disrupt a program of rehabilitation,
>
> (2) *The summary and recommendations of the probation officer,*
>
> (3) Sources of information obtained on a promise of confidentiality and,
>
> (4) Information which would disrupt an existing police investigation.
>
> When a portion of the pre-sentence report is not disclosed, the court shall inform the parties and shall state on the record its reasons for making the excision. [Emphasis added.]

The trial court at the sentencing hearing made the following statement:

> The recommendations are the sole property of this Court, and are known only to me and my Adult Probation Officer or his assistant, and not released to the public nor to the defendant nor to his attorney.

Appellants contend the statement is not a reasonable explanation and non-disclosure of the recommendation by the court was therefore an abuse of discretion.

There are two questions underlying this issue with which we must be concerned. First, was there in fact a recommendation made by the probation officer *in* the pre-sentence report; second, does Rule 26.6(c) require that a recommendation be included in the report?

As to the first, there is nothing in the record which indicates that a recommendation was part of the report. In fact, there are indications to the contrary. There was, then, nothing for the court to "excise" and thus no requirement for the court to state a reason. Had there been a recommendation in the report, the rule as to "excision" would apply and the court would be required to state a reason.

The second question deals with whether the rules *require* that a recommendation be included in the report. In *State v. Pierce,* 108 Ariz. 174, 494 P.2d 696 (1972), the Arizona Supreme Court stated that "We do not include the recommendations of the probation officer as to disposition or sentence as being a part of the report which must be disclosed." Thereafter, on September 1, 1973, the Supreme Court adopted Rules of Criminal Procedure which included Rule 26.6(c) quoted previously. Appellants argue, in substance, that subpart 2 of the rule indicates that the recommendations of the probation officer were intended to be included in the pre-sentence report, but could be excised on reasonable grounds. It is here we disagree. We find nothing in the Rules of Criminal Procedure or Rule 26.6 which *requires* a pre-sentence report to contain a "recommendation" by the probation officer as to disposition or sentence. We do not believe the Supreme Court in adopting the Rules of Criminal Procedure intended to overrule its position in the *Pierce* case. Subpart 2 of Rule 26.6(c) can be explained as allowing "excision" of recommendations of the probation officer in those instances where, for whatever reason, recommendations are actually included in the report. We think our analysis of the issue is supported by the 1975 amendments to the criminal rules adopted by the Supreme Court in which subpart 2 of Rule 26.6(c) was deleted altogether. We interpret the deletion as confirming the position taken in the *Pierce* case that the recommendations of a probation officer are not required to be part of the pre-sentence report. We reject the notion that the reason for the deletion was to make recommendations of a probation officer a necessary part of every pre-sentence report.

In view of our holding as to the $1,000 fines, the case is remanded to the superior

court for resentencing. Our disposition of the case makes it unnecessary to consider appellants' claim that their sentences were excessive.

JUDGMENT AFFIRMED; REMANDED FOR SENTENCING.

DONOFRIO, P. J., and OGG, J., concur.