No. 13872

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MERLIN T. BABBIT,

Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Connor, Van Valkenburg & Larrivee, Missoula,
Montana
Noel Larrivee argued, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Brenda J. Gilmer argued and Marc F. Raciot argued,
Attorney General's office, Helena, Montana
Robert L. Deschamps, III argued, County Attorney,
Missoula, Montana

---

Submitted: November 29, 1977

Decided: FEB 1 - 1978

Filed: FEB 1 - 1978

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Merlin T. Babbit, a nonindigent adult, appeals from a final judgment of conviction and order deferring imposition of sentence and establishing terms and conditions of probation.

On February 17, 1977, the Deputy County Attorney of Missoula County filed an Information in the District Court, Missoula County, charging defendant with the crime of criminal possession of dangerous drugs, weighing more than one gram, in violation of section 54-133, R.C.M. 1947. On March 3, 1977, arraignment proceedings were conducted in the District Court. Defendant entered a plea of guilty to the crime as charged in the Information. A presentence investigation report was ordered by the District Court and the time for pronouncement of sentence was set for March 17, 1977. On that date the District Court deferred the imposition of sentence by this order:

> "The Court ORDERS that the imposition of sentence be deferred for a period of two (2) years, and that during this period of time the Defendant shall comply with the terms and conditions further set forth in this Order.
>
> "The terms and conditions of probation are:
>
> "1. That this Court retain jurisdiction.
>
> "2. That the Defendant shall make payment of Two Hundred Dollars ($200.00), to the County of Missoula, through the Clerk of District Court.
>
> "3. That the Defendant must obey instructions and comply with all directions of the Department of Institutions, Division of Adult Parole and Probation of the State of Montana.
>
> "4. That the Defendant shall submit himself, his residence and vehicle to search at any time by lawful authorities, without a search warrant.

"5. That the Defendant shall obtain alcoholic counseling deemed necessary by his Probation Officer.

"6. That the Defendant shall not violate the law.

"7. That upon violation of any of the conditions above, Defendant shall be brought before this Court for imposition of sentence."

At the time the District Court announced the terms and conditions of probation, defendant made a timely and specific objection to the condition of probation requiring defendant make payment of $200 to the County of Missoula through the clerk of the District Court.

The sole issue before this Court on appeal is whether the District Court may impose a payment of $200, payable to Missoula County, as a condition of probation after defendant plead guilty to the crime of criminal possession of dangerous drugs, a felony punishable by imprisonment in the state prison not to exceed 5 years, and the District Court deferred imposition of sentence.

In Montana deferred imposition of sentence is controlled by Montana's sentencing statute, section 95-2206, R.C.M. 1947, (subsequently amended in Section 36, Chap. 184; Section 1, Chap. 436; Section 1, Chap. 580; and Section 12, Chap. 584, Session Laws 1977). It provided in relevant part:

"95-2206 -- Sentence. Whenever any person has been found guilty of a crime or offense upon a verdict or a plea of guilty the court may:

"(1) Defer imposition of sentence for a period not to exceed one (1) year for any misdemeanor; for a period not to exceed three (3) years for any felony. The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition. Such reasonable restrictions or conditions may include:

"(a) jail base release;
"(b) jail time not to exceed ninety (90) days;

- 3 -

"(c)   conditions for probation;
"(d)   restitution;
"(e)   any other reasonable conditions deemed
necessary for rehabilitation or for the protection
of society;
"(f)   any combination of the above."

Thus the issue becomes whether the payment of $200 to the

County of Missoula is a reasonable condition of probation

imposed for the objective of rehabilitation and the protection

of society.

This Court's reported cases which speak to the validity

of conditions of probation subsequent to entry of a guilty plea

and deferred imposition of sentence have been limited almost

entirely to defendants who have challenged the District Court's

revocation of deferred imposition of sentence.  Petition of Dunn,

(1971), 158 Mont. 73, 488 P.2d 902; State v. Thorsness, (1974),

165 Mont. 321, 528 P.2d 692; State v. Emmett, (1976), ___Mont.

_____, 557 P.2d 289, 33 St.Rep. 1172.  The cases in Montana

specifically challenging conditions of probation imposed after

entry of a plea of guilty and deferred imposition of sentence

have attacked the imposition of jail time as a condition of

probation.  State v. Openshaw, (1977), ___Mont.___, 565 P.2d

319, 34 St.Rep. 516; State ex rel. Woodbury v. District Court,

(1972), 159 Mont. 128, 132, 495 P.2d 1119; State v. Drew, (1971),

158 Mont. 214, 217, 490 P.2d 230.

Our holding in these cases was that "in all cases when

there are no special sentencing provisions the wide discretion

of section 95-2206, R.C.M. 1947, applies."  State ex rel. Woodbury,

supra.  "The court can impose conditions of probation during

this time of deferment which are not in contradiction to a

stay of sentence or deferred sentence."  State v. Drew, supra.

However, this Court has not been called upon to consider

the validity of a condition of probation requiring the payment

- 4 -

of money to a court after entry of a plea of guilty and deferred imposition of sentence in accord with section 95-2206.

Other jurisdictions have considered the issue raised by defendant with divergent conclusions. The courts of Arizona have taken the stance that in the absence of specific statutory language, where defendant has plead guilty to a felony to which no fine is prescribed and imposition of sentence is suspended, it is improper to impose a fine as a condition of probation. State v. Pitts, (1976), 26 Ariz.App. 390, 548 P.2d 1202, 1203.

California courts on the other hand, in upholding the imposition of fines as a condition of probation, have held a condition of probation will not be invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality * * *.'" People v. Lent, (1975), 124 Cal.Rptr. 905,908, 15 C.A.3d 481, 541 P.2d 545,548.

Under statutory provisions much the same as Montana's, the California court seems to allow a fine under our facts. However, the Lent case found a relationship to the crime of which defendant was convicted [theft] but allowed, as a condition of probation, a fine in a larger amount than restitution, which included the amount of a Count of which defendant was acquitted.

The Court of Appeals of Oregon, interpreting Oregon statutes in State v. Culbertson, 1977, 29 Or.App. 363, 563 P.2d 1224, 1229, held:

> "* * * the standard against which the validity of conditions [of probation] imposed by the court or the probation officer is to be measured is whether they bear a reasonable relationship to the reformation of the offender or the protection of the public." (Emphasis supplied.)

- 5 -

The United States Court of Appeals, Second Circuit, recently considered the subject of the validity of conditions of probation in United States v. Pastore, (2nd Cir. 1976), 537 F.2d 675, 679, and noted:

> "The propriety of conditions on probation raises difficult issues because the relevant standards, as with sentencing generally, are either vague or non-existent. * * *

> "* * *

> " * * * The Ninth Circuit has stated:

> "'* * * judicial discretion in probation matters is limited only by the requirement that the terms and conditions thereof bear "a reasonable relation-ship to the treatment of the accused and the protec-tion of the public."' United States v. Nu-Triumph, Inc., 500 F.2d 594, 596 (1974). Similarly, in Porth v. Templar, supra, at note 15, the Tenth Circuit stated:

> "'The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public.'" (Emphasis supplied.)

Defendant in his reply brief on appeal contends "* * * a fine could not be imposed in this case. First, because the substantive statute (section 54-133) does not authorize a fine. Second, because a plain reading of the sentencing statute (section 95-2206) precludes the imposition of a fine."

Section 54-133, R.C.M. 1947, is not the "substantive statute" controlling in this case. Section 54-133 would be controlling only if the defendant were being sentenced for the crime to which he plead guilty. Here, sentence has been deferred and conditions of probation imposed pursuant to section 95-2206. Thus defendant will not be sentenced until defendant requests sentencing in lieu of probation or probation is revoked because

of defendant's violation of a condition of probation. At the termination of the time of deferment the District Court may accept a plea withdrawal, strike the plea of guilty, and order the charge dismissed in accord with section 95-2207, R.C.M. 1947. State v. Drew, supra; Petition of Gray, (1973), 163 Mont. 321, 517 P.2d 351.

Section 95-2206 sets forth the guidelines of reasonableness, rehabilitation, and the protection of society as the criteria to be utilized in evaluating the conditions of probation. All jurisdictions heretofore discussed seem to agree with the guide-lines set forth in section 95-2206, above set forth, even though some have less strict statutory mandates than Montana.

The Arizona Court in Pitts reasoned that:

"* * * Imposition of a fine is the passing of a sen-tence and not the suspension of sentence. The fact that the court terms it a condition of probation does not render it any the less a sentence. We are not here dealing with a condition of probation which requires the defendant to make restitution to the crime victim. That would be a wholly different matter." 548 P.2d 1203. (Emphasis supplied.)

The Arizona Court further reasoned that if a fine [as here and not related to our guidelines] were to be allowed as merely a condition of probation, the default in payment could result in revocation of probation and imprisonment for the maximum period allowed by the statute for the crime for which defendant was convicted. In that event the failure to pay a small fine may result in defendant's imprisonment far exceeding the period ordinarily permitted.

We agree with the rationale of the Arizona Court. We fail to find a reasonable association between the fine imposed here and the crime committed. Neither do we find it to be a reasonable

- 7 -

or necessary condition of probation or for protection of the public.

Therefore, we hold the imposition of condition of probation Number 2, which requires the payment of $200 to Missoula County as a condition of probation, a nullity and of no force or effect.

_____
Justice

We Concur:

_____
Acting Chief Justice

_____

_____
Justices.

- 8 -