No. 14786

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES LENIHAN,

Defendant and Appellant.

Appeal from: District Court of the Eighth Judicial District,
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Sandra K. Watts argued, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Sheri K. Sprigg, argued, Assistant Attorney General,
Helena, Montana

Submitted: November 2, 1979

Decided: NOV 21 1979

Filed:

_____
Thomas J. Kearney, Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighth Judicial District, Cascade County. Defendant was charged by information on September 1, 1978, with burglary, a felony, and criminal possession of dangerous drugs, a misdemeanor. At his arraignment on September 12, 1978, defendant entered a plea of not guilty to both offenses. On January 2, 1979, defendant moved to withdraw his not guilty plea and entered a plea of guilty to the charge of burglary, a felony in violation of section 45-6-204, MCA. The county attorney's office moved to dismiss the misdemeanor possession of dangerous drugs charge, and the court dismissed that charge. After a presentence report and testimony were presented to the court, sentence was imposed.

Defendant's three-year sentence was deferred on the following conditions:

(1) That defendant was to serve sixty days in the Cascade County jail with no release privileges;

(2) That defendant was placed under the rules and regulations of the adult probation and parole bureau;

(3) That defendant was forbidden to use or have in his possession any alcohol or drugs;

(4) That defendant was ordered not to associate with any individuals on probation or parole;

(5) That defendant was subject to search and seizure without warrant by any law enforcement officer who had reasonable suspicion to believe that defendant had incriminating evidence; and

(6) That defendant was to pay the Cascade County attorney's office the sum of $250 as reimbursement for his attor-

ney fees with the payment schedule to be worked out by his probation officer.

The defendant in this case was found to be indigent and was appointed counsel through the Cascade County public defender's office. Appointed counsel represented defendant through all stages of the case. It is from the condition requiring defendant to pay $250 as reimbursement for his attorney fees ordered in the deferred imposition of sentence that defendant appeals.

Two issues have been presented to this Court for review:

1. Is the issue raised by defendant properly reviewable on appeal?

2. Did the District Court err in ordering an indigent defendant to reimburse the county for attorney fees as part of a condition of deferred imposition of sentence?

Defendant first argues that because Montana does not have a recoupment statute, the District Court's order to reimburse the attorney fees is invalid. He contends that section 46-18-201, MCA, does not grant authority to a district judge to impose such a condition.

Defendant cites State v. Babbit (1978), ___ Mont. ___, 574 P.2d 998, 35 St.Rep. 154, and State v. Cripps (1978), ____ Mont. _____, 582 P.2d 312, 35 St.Rep. 967, for the proposition that the imposition of a fine is not specified as an allowable restriction or condition upon deferred imposition of sentence or upon suspended execution of sentence. The argument is made that an order for reimbursement of fees and a fine are indistinguishable and that in the absence of a recoupment statute, the District Court has no authority to make such an order.

-3-

Defendant goes on to cite two Supreme Court cases, James v. Strange (1972), 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600, and Fuller v. Oregon (1974), 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642, involving state recoupment statutes, for the proposition that there must be a recoupment statute to make such an order because only then can the court measure whether or not adequate safeguards were provided for the protection of the defendant during the recoupment process.

Finally, the ABA Standards at Part VI, Section 6.4, and a 1976 Washington State Bar report are cited by defendant for the proposition that the process of recoupment raises serious constitutional questions. Therefore, without a statute providing adequate safeguards, recoupment is not recommended.

The State's first argument challenges this Court's power to review, contending that defendant did not object to the challenged condition in the District Court. The State's main contention is that reimbursement of attorney fees is a reasonable condition of deferred imposition of sentence under section 46-18-201(1)(a)(v), MCA. The argument is made that lack of specific authority for any condition imposed does not bar imposition of that condition under the above statute as long as it is reasonable. The State distinguishes Babbit and argues that a condition of reimbursement is analogous to restitution to a crime victim and different from the payment of a fine.

The State cites State v. Smith (1978), 118 Ariz. 345, 576 P.2d 533, for the proposition that a condition of payment to the government of the costs of incarceration is valid despite the lack of specific statutory authority and

argues that the situation in the instant case is similar. It is argued that a condition of payment for costs to society relates directly to the reformation of the offender and is therefore valid. The State agrees, however, that the authority on this matter is divided.

Before reaching the substantive issue involved herein, it is first necessary to discuss the State's contention that defendant's failure to object to his sentence in the trial court precludes our reviewing this matter.

In this case, the Court has been placed in an undesirable position, more so because this is a criminal proceeding. Our hearing the matter has been challenged because no objection was recorded in the District Court. Defense counsel relates that objections were made in chambers where the first discussion of these conditions was had, but no record was taken and so none is available to this Court. There is no need for these problems, and we have commented on this type of matter on previous occasions. This Court is not going to willingly continue to be placed in this kind of circumstance and cannot emphasize too strongly that a proper record must be had at all stages of the proceedings with particular emphasis on criminal matters.

Traditionally, in both civil and criminal matters, this Court has not accepted for review issues which were not objected to at the trial level. State v. Armstrong (1977), 172 Mont. 296, 562 P.2d 1129; State v. Radi (1975), 168 Mont. 320, 542 P.2d 1206; State v. Paulson (1975), 167 Mont. 310, 538 P.2d 339.

This Court, however, has never specifically ruled on the question presented here. That is, whether an objection at the trial level is a prerequisite to the challenging of a

sentencing order on appeal. This issue has been ruled on in other jurisdictions with varying results. A poll of such jurisdictions reveals that Arkansas (Haynie v. State (1975), 257 Ark. 542, 518 S.W.2d 492), Idaho (Pulver v. State (1968), 92 Idaho 627, 448 P.2d 241), and Kansas (Peterson v. State (1967), 200 Kan. 18, 434 P.2d 542), have held that an appellate court cannot review a sentence if there was no objection to it at the trial level. Illinois (People v. Depratto (1976), 36 Ill.App.3d 338, 343 N.Ed.2d 628), Indiana (Kleinrichert v. State (1973), 260 Ind. 537, 297 N.E.2d 822), Florida (Kohn v. State (1974), ___ Fla.App. ____, 289 So.2d 48), Pennsylvania (Commonwealth v. Lane (1975), 236 Pa.Super. 462, 345 A.2d 233), and Oregon (State v. Braughton (1977), 28 Or.App. 891, 561 P.2d 1040), on the other hand, do not require an objection before the validity of a sentence can be reviewed.

State v. Braughton, supra, is similar to the instant case. Braughton involved a plea agreement wherein the defendant was sentenced to ten years in prison, which was suspended on the condition that he make restitution to five businesses which were the victims of crimes for which he had never been charged. Defendant objected to this portion of his sentence on the grounds that the court exceeded its statutory authority in imposing this condition. Before reaching the merits of the case, the state raised the question of whether the sentencing order entered was subject to review at all in light of the fact that the defendant made no objection to the order at the time of its entry. The court stated:

> ". . . The sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in

-6-

any manner not specifically authorized . . .
Where, as in this case, it is alleged that a
sentencing court has exceeded its statutory
authority in imposing a specific sentence, an
objection below is not a prerequisite to the
challenging of the sentencing order alleged
to be void." Braughton, 561 P.2d at 1041,
note 2. (Citations omitted.)

It appears to be the better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing. As a practical matter, this may be a defendant's only hope in cases involving deferred imposition of sentence. If a defendant objects to one of the conditions, the sentencing judge could very well decide to forego the deferred sentence and send him to prison. To guard against this possibility, a defendant often times must remain silent even in the face of invalid conditions. We, therefore, accept jurisdiction in this matter.

While the substantive issue involved in this case is claimed to be one of first impression, it is only a variation of State v. Babbit, supra, and others.

Babbit involved a defendant who was convicted of criminal possession of dangerous drugs and given a deferred imposition of sentence. As one of the conditions of his sentence, defendant was ordered to pay $200 to the County of Missoula to be placed into a drug enforcement fund and was in the nature of a fine. The offense Babbit was convicted of provided for imposition of a prison term upon conviction, but not for the imposition of a fine. This Court ruled that under what is now section 46-18-201(1), MCA, a fine could not be imposed as a condition of a deferred imposition of sentence where there was not a reasonable association between

-7-

the fine imposed and the crime committed or where it was not

found to be a reasonable or necessary condition of probation

or for the protection of the public.   574 P.2d at 1001,

1002.   Under the circumstances in Babbit, this Court held

that a fine could not be imposed as a condition of the

deferred imposition of sentence.

In deciding Babbit, this Court relied heavily on an

Arizona case, State v. Pitts (1976), 26 Ariz.App. 390, 548

P.2d 1202, citing the following rationale:

> "'. . . Imposition of a fine is the passing of
> a sentence and not the suspension of sentence.
> The fact that the court terms it a condition of
> probation does not render it any the less a
> sentence.  We are not here dealing with a condi-
> tion of probation which requires the defendant
> to make restitution to the crime victim.  That
> would be a wholly different matter.' . . .
>
> "The Arizona court further reasoned that if a
> fine (as here and not related to our guidelines)
> were to be allowed as merely a condition of pro-
> bation, the default in payment could result in
> revocation of probation and imprisonment for the
> maximum period allowed by the statute for the
> crime for which defendant was convicted.  In
> that event the failure to pay a small fine may
> result in defendant's imprisonment far exceeding
> the period ordinarily permitted."  State v. Bab-
> bit, 574 P.2d at 1001.  (Emphasis supplied.)

The State attempts to distinguish Babbit and argues

that a condition requiring reimbursement of attorney fees is

analogous to restitution to a crime victim and distinguish-

able from the payment of a fine.  Various cases are cited

for the proposition that reimbursement of attorney fees is

permissible under statutes similar to our section 46-18-201,

MCA, if certain constitutional guidelines are met.  State v.

Foust (1972), 13 N.C.App. 382, 185 S.E.2d 718; State v.

Smith (1978), 118 Ariz.App. 345, 576 P.2d 533; State v.

Rogers (1977), _____ Iowa _____, 251 N.W.2d 239; State v.

Barklind (1975), 12 Wash.App. 818, 532 P.2d 633.

The leading case on the above guidelines is Fuller v. Oregon (1974), 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642. The United States Supreme Court in _Fuller_ upheld an Oregon recoupment statute which placed certain limitations on the actual recoupment process. They were as follows:

(1) A requirement of repayment may be imposed only upon a convicted defendant;

(2) A court may not order a convicted person to pay these expenses unless he is or will be able to pay them; the sentencing court must take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose; no requirement to pay may be imposed if it appears at the time of sentencing that there is no likelihood that a defendant's indigency will end;

(3) A convicted person under an obligation to repay may at any time petition the court which sentenced him for remission of the payment of costs or of any unpaid portion thereof; and

(4) No convicted person may be held in contempt for failure to repay if he shows that his default was not attributable to an intentional refusal to obey the order of the court or to a failure on his part to make a good faith effort to make the payment. Fuller v. Oregon, 40 L.Ed.2d at 650.

There is no statute in Montana which specifically enumerates the _Fuller_ guidelines. Further, the District Court makes no mention in its order of those guidelines. Failure to do so revives the fears espoused by this Court in _Babbit_:

> ". . . the default in payment could result in revocation of probation and _imprisonment for the maximum_ period allowed by the statute for the

crime which defendant was convicted. In that
event the failure to pay a small fine may result
in defendant's imprisonment far exceeding the
period ordinarily permitted." 574 P.2d at 1001.

This Court is aware of the financial burden placed on the counties and the State by the criminal justice system. We do not disagree with the proposition of reimbursement to the State. On the contrary, we applaud the trial judge for his efforts. However, we feel that recoupment provisions should be made to operate with considerations given to ability to repay, and in the event of default, the penalty should be a form of civil liability rather than possible criminal sanctions. Recoupment is not a magic word, and it may be possible and desirable to perfect a system outside that kind of legislation.

The judgment of the deferred imposition of sentence is remanded to the District Court with instructions to vacate the repayment of attorney fees condition complained of and enter its order accordingly.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-10-