No. 05-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 1N

JEFFREY ALLEN HOGAN,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-03-30,
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Jeffrey Allen Hogan, Pro Se, Great Falls, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

       Robert J. Long, County Attorney, Polson, Montana

Submitted on Briefs:   November 30, 2005
Decided:   January 4, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jeffrey Allen Hogan (Hogan) appeals from the District Court's denial of his petition for postconviction relief. On March 11, 2003, Hogan was charged with felony driving under the influence (DUI) along with other violations of the State's traffic laws. Less than four years earlier, Hogan had been released on parole from a previous felony DUI conviction. Consequently, on March 17, 2003, the County Attorney filed a notice to have Hogan declared a persistent felony offender. Hogan eventually pled guilty to all charges and "based on [Hogan] being a persistent felony offender," he was sentenced to nine years with two years suspended. Hogan then petitioned the District Court for postconviction relief claiming that the sentencing court lacked statutory authority to impose a sentence of nine years with two years suspended on a person convicted of felony DUI. The State argues that, pursuant to § 46-21-105(2), MCA (2003), this Court is procedurally barred from considering Hogan's petition because it challenges the legality of his sentence, and this is an issue that could have been raised on direct appeal.

2

¶3     If a petitioner "has been afforded the opportunity for a direct appeal of [his] conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised [in a petition for postconviction relief]."  Section 46-21-105(2), MCA (2003).  Although the record does not indicate that Hogan objected to his sentence when it was imposed, he now contends that the court exceeded the statutory mandate of § 61-8-731, MCA (2003), when it sentenced him as a persistent felony offender.  This Court may review a sentence to determine whether it is illegal or exceeds statutory mandates, despite the fact that the sentence was not objected to at the time of sentencing.  *State v. Lenihan* (1979), 184 Mont. 338, 343, 602 P.2d 997, 1000.  Such review is permitted on direct appeal.  *Lenihan*, 184 Mont. at 339, 343, 602 P.2d at 1000; *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029; *State v. Osborne*, 2005 MT 264, ¶ 20, 329 Mont. 95, ¶ 20, __ P.3d __, ¶ 20. Having pled guilty, Hogan chose not to appeal his sentence.  Nevertheless, Hogan was afforded the *opportunity* to appeal and his challenge to the legality of his sentence could have been raised on direct appeal had he chosen to pursue an appeal.  Consequently, this Court may not consider his argument in this proceeding for postconviction relief.  Section 46-21-105(2), MCA (2003).

¶4     Even if we were to reach the merits of Hogan's petition, we would still affirm the District Court's denial of his petition.  *See State v. Damon*, 2005 MT 218, ¶¶ 37-40, 328 Mont. 276, ¶¶ 37-40, 119 P.3d 1194, ¶¶ 37-40 (holding that if the underlying offense meets the definition of a felony and the State gave proper notice of its intent to seek persistent felony offender status, the court is authorized to impose a sentence pursuant to § 46-18-502,

3

MCA (2003) (the persistent felony offender sentencing provision), on a person convicted of felony DUI, notwithstanding the 2001 amendments to § 61-8-731, MCA).

¶5     Affirmed.


                           /S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS