DA 11-0482

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 151N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

SCOTT ALLEN ADAMS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 04-185
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Nancy G. Schwartz; NG Schwartz Law, PLLC; Billings, Montana

       For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

          William Fulbright, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs:  June 19, 2012

Decided:   July 10, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Scott Allen Adams (Adams) was charged with criminal offenses in three separate Ravalli County proceedings. In Cause 04-185, he was charged with felony operating a motor vehicle with an alcohol concentration of 0.08 or more, fourth or subsequent offense, and a related misdemeanor. In Cause 05-19, he was charged with forgery and two counts of misdemeanor theft. In Cause 05-23, he was charged with operating a motor vehicle with an alcohol concentration of 0.08 or more, fourth or subsequent offense, and several other offenses. Adams posted bail following his arrest in Cause 04-185, but his bail was revoked following the filing of charges against him in Cause 05-23. The District Court then set a higher bail amount for Adams' release. Unable to post bail a second time, Adams remained incarcerated from January 25, 2005 until a combined sentencing hearing in all three proceedings was conducted on March 31, 2005. Adams thus served 66 days of pre-trial incarceration.

¶3     A number of the original charges were dismissed pursuant to a plea bargain agreement, but the District Court imposed a sentence in all three proceedings and entered three separate judgments. Each of the judgments stated that Adams "shall receive credit for time served in jail prior to sentencing (66 days)." Each judgment also stated that "[t]his sentence is issued in conjunction with" the sentences imposed in the other two proceedings. As part of his sentences in Causes 04-185 and 05-23, Adams was committed to the Department of Corrections "to

2

complete the residential alcohol treatment program," or WATCh (Warm Springs Addiction Treatment & Change Program). He was also sentenced to suspended sentences of five years to follow his treatment in those cases, which were ordered to run consecutively to each other. In Cause 05-19, the District Court sentenced Adams to six months in jail on each of the two misdemeanor theft charges, ordering the sentences to run consecutively for a total period of one year. The District Court suspended 270 days of the one-year period and ordered that the balance of this jail time (95 days) "MUST BE SERVED before Defendant is eligible to attend the WATCH program, which is a part of his sentence in Cause No. DC 04-185 and DC 05-23." The District Court reasoned that "[p]erhaps after serving this jail time, the Defendant will focus on the benefits available through the WATCH Program. Defendant continues to exhibit the same chemical dependency and criminal behavior patterns . . . . Defendant needs to decide whether or not he wants to address his alcohol and chemical dependency problems when in the WATCH Program."

¶4     In an Order of Commitment entered in all three proceedings on the same day as the sentencing hearing, the District Court ordered that the credit for the 66 days Adams had served in jail prior to sentencing would be applied to the remaining jail term imposed under the misdemeanor sentences in Cause 05-19, which the court again explained must be served prior to Adams entering the WATCh program. Thus, the 66 days of credit were applied toward, and reduced, the balance of 95 days of jail time imposed by that sentence.

¶5     On March 2, 2011, the State filed petitions for revocation of sentence in each proceeding, alleging violations of conditions imposed under each sentence. At the adjudicatory hearing on June 30, 2011, Adams admitted to the violations but questioned whether his five year sentences had already expired by the time the State had filed the petition. The District Court explained that

3

because the sentences had been ordered to run consecutively to each other, they had not expired. The parties also discussed application of the 66-day credit for time served. The District Court revoked Adams' sentences and entered new judgments upon revocation in each case, granting no further credit for the 66 days served. Discussion was also had about coordination of the revocation sentences with a DUI sentence imposed upon Adams on May 17, 2011, by the Missoula County District Court. That court had ordered the Missoula County sentence to run "[c]oncurrent with Ravalli County cases," and the parties disputed the Ravalli County District Court's authority to order that the revocation sentences be served consecutively to the Missoula County sentence. The District Court ultimately ordered that they be served consecutively to that sentence.

¶6 Adams filed an appeal in each of the three cases, and we ordered the cases consolidated under this cause number. Adams challenges the District Court's failure to apply the 66-day credit toward each of his three sentences because each judgment stated that he would receive credit for this time served. He further argues that application of the credit in this manner would render the State's revocation petition in Cause No. 04-185 untimely, as this sentence was fully served by the time the petition was filed. To the extent this issue was not raised below, Adams argues for *Lenihan*[1] review or plain error review of the issue. He also argues that the District Court erred by ordering that his revocation sentences run consecutively to the Missoula County DUI sentence imposed in May 2011. The State concedes that the District Court should not have ordered the revocation sentences to run consecutively to the Missoula County sentence and requests that this provision be vacated.

---

[1] *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979).

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Adams was entitled to receive credit only once for the 66 days he served prior to sentencing, and he received that credit. *State v. Price*, 2002 MT 150, ¶¶ 27-30, 310 Mont. 320, 50 P.3d 530. Further, upon the State's concession, we vacate the provision ordering the revocation sentences to run consecutively to the Missoula County DUI sentence and remand for entry of amended judgments, which provide they are to run concurrently with that sentence.

¶8 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT