DA 12-0556

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 183N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

SHANE ALAN LEE,

        Defendant and Appellant.

APPEAL FROM:      District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC 09-51
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey S. Weikum, Pagel Weikum, PLLP, Bismarck, North Dakota

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Mike Weber, Richland County Attorney, T.R. Halvorson, Deputy County
Attorney, Sidney, Montana

Submitted on Briefs:  May 29, 2013

Decided:  July 9, 2013

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On September 29, 2009, an Information was issued charging Shane Alan Lee with three criminal counts—felony burglary, misdemeanor theft, and felony forgery, occurring between July 20 and July 28, 2009.  Lee allegedly entered his sister's home while she was on vacation, stole her checkbook, and forged multiple checks.  Counsel was assigned to Lee and he was released on bail with instructions to comply with specific release terms and conditions.  In May 2010, Lee entered a plea of guilty to all counts.  The District Court scheduled a sentencing hearing for August 10, 2010.  Lee failed to appear and a bench warrant was issued.  Lee was arrested on November 9, 2010.

¶3      A sentencing hearing was held on January 27, 2011, at which time testimony was presented on whether to sentence Lee to the Montana Department of Corrections (DOC) or Montana State Prison (MSP).  Subsequently, Lee was sentenced as follows:  felony burglary: DOC for 15 years, with 10 suspended, fined $1,000; misdemeanor theft: 6 months in the Richland County jail, all suspended; felony forgery: DOC for 15 years, with 10 suspended, fined $1,000.  The three sentences were to run concurrently with one another but consecutively to Lee's sentence in another criminal case.  In July 2011, Lee was transferred to MSP.

2

¶4    In October 2011, Lee filed a petition to amend judgment arguing that he had received a DOC sentence and he should not be in MSP.  The State opposed the petition but the District Court granted it, declaring the first sentence null and void.  Lee was released on bail to await resentencing.  On July 4, 2012, while out on bail, Lee was arrested and charged with multiple felony and misdemeanor charges.

¶5    On July 17, 2012, the District Court conducted a second sentencing hearing.  Lee was sentenced to 20 years with DOC with 15 suspended for felony burglary, and 15 years with DOC with 10 suspended for felony forgery, to run concurrently.  He was fined $1,000 for each felony.  No sentence was imposed for the misdemeanor theft charge as the earlier sentence had been discharged.  The District Court expressly recommended that DOC place Lee where he could receive chemical dependency treatment.  The court also asked if the parties had any questions regarding the new sentence.  Lee had no questions nor did he object to the increased burglary sentence.  Lee appeals.  We affirm.

¶6    On appeal, Lee argues that the District Court erroneously lengthened his felony burglary sentence based upon the July 4 charges despite the court having issued an order expressly excluding the July 4 events and charges from consideration at the resentencing hearing.  The State responds that Lee waived appellate review of this claim by failing to raise the issue with the District Court at sentencing.

¶7    This Court generally refuses to review issues that are raised for the first time on appeal.  *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892.  However, in *State v. Lenihan*, 184 Mont 338, 602 P.2d 997 (1979), we announced an exception to this "contemporaneous objection" rule.  We stated that we will review a criminal sentence

that "is alleged . . . [to be] illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000. In this case, Lee does not allege that his lengthened sentence was illegal or that it exceeded statutory mandates; he argues instead that the District Court lengthened his sentence based upon events the court stated it would not consider in resentencing. Consequently, the *Lenihan* exception does not apply. Because Lee failed to raise a contemporaneous objection to his sentence during his second sentencing hearing, he has waived the right to raise this issue for the first time on appeal. *Kotwicki*, ¶ 8.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.


/S/ PATRICIA COTTER


We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE