FILED

05/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0506

DA 21-0506

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 95N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

EDWARD JEFFREY ALLEN,

      Defendant and Appellant,

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 19-1379
Honorable Ashley Harada, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Carolyn Gibadlo, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Bjorn Boyer, Assistant
Attorney General, Helena, Montana

          Scott Twito, Yellowstone County Attorney, Sarah L. Hyde, Deputy
County Attorney, Billings, Montana

              Submitted on Briefs:  February 28, 2024

                    Decided:  May 7, 2024

Filed:

                           _____
                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Edward Jeffrey Allen appeals a Thirteenth Judicial District Court jury verdict of sexual assault, a felony, in violation of § 45-5-502, MCA.

¶3    We affirm.

¶4    On November 13, 2019, the State charged Allen by information with two counts of sexual assault, alleging "Edward Jeffrey Allen . . . knowingly subjected [J.E.] to sexual contact without consent . . . on or about fall and early-winter 2018 . . . by touching [J.E.'s] penis . . . ."

¶5    During a forensic interview, Allen's great-nephew, J.E., reported that on two separate occasions, Allen took J.E.'s pants off, sat him on his lap, and masturbated him in the workshop bathroom while they were alone in the closed business. J.E.'s recollection of when the two incidents occurred was not entirely clear, but he stated that the first was around football season, roughly between September and November 2018, and the second was around Christmas the same year. J.E. was 12 years old when Allen sexually assaulted him.

¶6     At the November 9-13, 2020 trial, J.E. was less clear about when the incidents occurred. J.E. recalled the first incident occurred during the winter sometime, because there was snow on the ground. He thought the second incident occurred around "the beginning of summer-ish." On cross-examination, defense counsel emphasized J.E.'s lack of certainty about the dates and highlighted other inconsistencies between his forensic interview and trial testimony. Defense counsel suggested J.E. was "weaving a story" and made the allegations in order to get out of his work obligations.

¶7     In closing, the prosecutor posited "It is against reason and common sense that [J.E.] would have fabricated something like this to get out of a job he did not even have to do." The prosecutor also stated that J.E. was "credible and consistent on the things that matter, ladies and gentlemen." Defense counsel did not object to the prosecutor's commentary during her closing argument.

¶8     The jury returned a verdict finding Allen "not guilty" as to the first count, and "guilty" as to the second count. The verdict form for the second count stated: "We the jury . . . enter the following unanimous verdict: To the charge of COUNT II: SEXUAL ASSAULT (occurring on a date different than COUNT I), Guilty."

¶9     On appeal, Allen asserts that it is impossible to know whether the jury reached a unanimous verdict as to a specific act because the jury instructions were unclear. Allen thus argues that his conviction should be overturned for ineffective assistance of counsel because defense counsel did not request a clarifying instruction. Allen contends that his case deserves plain error review because he was denied a fundamental right to a unanimous

jury verdict. Allen also argues for plain error review based on comments the prosecutor made regarding witness credibility.

*Ineffective Assistance of Counsel*

¶10 Ineffective assistance of counsel claims consist of mixed questions of law and fact that we review de novo. *State v. Mitchell*, 2012 MT 227, ¶ 11, 366 Mont. 379, 286 P.3d 1196.

¶11 The Sixth Amendment of the United States Constitution and Article II, Section 24, of the Montana Constitution guarantee the right to effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a defendant must establish both that his attorney's performance was deficient, and that the deficiency prejudiced the defense. *Mitchell*, ¶ 21 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). "The reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Whitlow v. State*, 2008 MT 140, ¶ 15, 343 Mont. 90, 183 P.3d 861 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065).

¶12 When determining whether counsel's conduct prejudiced the defendant, we ask whether their performance rendered the trial result "unreliable or the proceeding fundamentally unfair." *State v. Jefferson*, 2003 MT 90, ¶ 53, 315 Mont. 146, 69 P.3d 641 (citation omitted). If a defendant cannot show a reasonable probability that the outcome would have been different but for counsel's conduct, we will not reverse a verdict for ineffective assistance of counsel. *Jefferson*, ¶ 53 (citation omitted).

¶13 In determining whether jury instructions are adequate, we ask whether they "fully and fairly instruct the jury on the law applicable to the case." *State v. Weaver*, 1998 MT 167, ¶ 28, 290 Mont. 58, 964 P.2d 713 (citation omitted).

¶14 Jury Instruction No. 20 provided "Each count charges a distinct offense. You must decide each count separately. The Defendant may be found guilty or not guilty of any or all of the offenses charged. Your finding as to each count must be stated in a separate verdict." Jury Instruction No. 23 further established that in order to find Allen guilty of sexual assault on Count II, the jury needed to determine the State had established beyond a reasonable doubt that the conduct occurred "on a different date than COUNT I."

¶15 Allen argues that the District Court should have given the jury a "specific unanimity instruction" providing that "all jurors must agree that the Defendant committed the same act or acts." Without it, Allen contends the jury may have been confused because the instructions "failed to distinguish which acts constituted each count" by providing both dates as an option for each count ("on or about Fall and early-winter 2018 . . . .").

¶16 Although the District Court did not provide the jury with a model "specific unanimity instruction," the instructions made clear that in order to find Allen guilty on Count II, the jury needed to determine that the State had demonstrated beyond a reasonable doubt that the actions giving rise to Count II occurred "on a different date" than Count I. Because J.E. alleged that two acts had occurred on two separate dates, the "different date" instruction achieves the same logical outcome. Coupled with the verdict form it is clear that the jury understood it was required to tether a specific act to just one of two dates in order to find Allen guilty.

¶17 Moreover, the jury returned a "not guilty" verdict on Count I.[1] We find no basis for reversal because of ineffective assistance of counsel. Allen has failed to overcome the presumption that counsel's performance was effective. Nor has he demonstrated that the outcome would have been any different had the jury been provided a specific unanimity instruction.

*Plain Error*

¶18 Generally, we will not review an issue on appeal that was not first raised in district court. *State v. Lenihan*, 184 Mont. 338, 341, 602 P.2d 997, 999 (1979). "Plain error review is reserved for exceptional cases and will be used sparingly." *State v. Welch*, 2024 MT 42, ¶ 16, 415 Mont. 343, 554 P.3d 225 (internal quotation omitted). Allen did not preserve his arguments alleging improper jury instructions and prosecutorial misconduct.

¶19 We have discretion, however, to review and correct an unpreserved argument if the defendant demonstrates that a plain or obvious error affected his constitutional or other substantial right, prejudicially affecting the fairness or integrity of the proceeding. *State v. Abel*, 2021 MT 293, ¶ 4, 406 Mont. 250, 498 P.3d 199 (citations omitted).

¶20 The right to a unanimous jury verdict is a fundamental right under the Sixth Amendment of the United States Constitution and Article II, Section 26, of the Montana Constitution. *Weaver*, ¶ 26. If we determine that an individual's right to a unanimous verdict was compromised by a failure to instruct the jury, we may reverse the judgment on plain error review. *Weaver*, ¶ 27.

---

[1] The jury also returned "not guilty" verdicts on two counts of indecent exposure, for which the State charged Allen based on J.E.'s allegations that Allen had shown him his penis.

6

¶21  As discussed, the jury instructions here properly apprised the jury of the applicable law. *Weaver*, ¶ 28 (citations omitted). Allen has not shown that the jury instructions affected his right to a unanimous verdict or that they prejudicially affected the fairness or integrity of the proceeding. *Abel*, ¶ 4. Therefore, Allen has not satisfied the threshold requirements for plain error review based on his fundamental right to a unanimous jury verdict. *Abel*, ¶ 4.

¶22  Finally, we address whether Allen is entitled to plain error review based on prosecutorial misconduct.

¶23  The Sixth Amendment and Article II, Section 24, of the Montana Constitution protect an individual's right to a fair and impartial trial. "A prosecutor's misconduct is ground for reversing a conviction when the conduct deprives the defendant of a fair and impartial trial." *State v. Smith*, 2021 MT 148, ¶ 42, 404 Mont. 245, 488 P.3d 531 (internal quotation omitted). We consider the full context of an argument and the trial when determining whether a prosecutor's comments amount to misconduct. *State v. Palafox*, 2023 MT 26, ¶ 27, 411 Mont. 233, 524 P.3d 461 (citation omitted).

¶24  While it is improper for counsel to "characterize the defendant or witnesses as liars or to offer personal opinions on a witness's credibility," we generally will not review a closing argument regarding witness credibility for plain error. *Smith*, ¶¶ 43-46 (citing *State v. Aker*, 2013 MT 253, ¶ 30, 371 Mont. 491, 310 P.3d 506). Drawing inferences from evidence to comment on witness credibility is a hallmark of closing arguments, particularly in cases where physical evidence to support a charge is lacking. *See, e.g., Smith*; *Aker*; *Palafox*.

7

¶25 Here, both parties attempted to discredit hostile witnesses. Referencing J.E.'s mother, for example, defense counsel stated: "liars lie about everything. When they have got so much on the line, they lie about everything. This is not a detail that needs to be lied about, but she lied about that." Defense counsel later posited: "I think [J.E.] is weaving a story here." Rehabilitating J.E., the prosecutor, for her part, stated "[J.E.] has been credible and consistent on the things that matter, ladies and gentlemen."

¶26 In the context of the entire argument, we are not convinced that declining to exercise plain error review here will result in a "manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *Smith*, ¶ 50 (internal quotation and citation omitted).

¶27 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶28 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

8