DA 06-0342

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 276

FILED

October 23 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

SHAWN THEODORE DAMON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-00-252(c)
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jeremy S. Yellin, Attorney at Law; Havre, Montana

      For Appellee:

      Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant
Attorney General, Helena, Montana

      Brant S. Light, Cascade County Attorney; John Parker, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  April 4, 2007

Decided:  October 23, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Shawn Theodore Damon (Damon) appeals from the order entered by the Eighth Judicial District Court, Cascade County, revoking his suspended sentence and sentencing him to the Montana Department of Corrections for a 5-year period. We affirm.

¶2 Damon raises the following issues on appeal:

¶3 1. Did the District Court err in crediting Damon's sentence with only a portion of the time he served while incarcerated prior to the revocation of his sentence?

¶4 2. Did the District Court err in failing to sufficiently state in its written disposition order its reasons for granting or denying credit against Damon's sentence for the time which elapsed prior to the revocation of his sentence?

**BACKGROUND**

¶5 In 2001, Damon was sentenced on a felony conviction to the Montana Department of Corrections (DOC) for 10 years, with 5 years suspended upon conditions, and on a misdemeanor conviction to the Cascade County Detention Center (Detention Center) for 6 months, the sentences to run concurrently. He began serving the suspended portion of his sentence on June 8, 2005. Several weeks later, Damon was arrested and charged under a separate cause number with several offenses. He eventually pled guilty to one count of felony obstruction of justice in that case and, in January of 2006, he received a 10-year suspended sentence, with credit for the time he served—from June 30 to November 2, 2005—in the Detention Center following his arrest.

2

¶6     On November 30, 2005, Damon was arrested for violating conditions of his probation imposed in this case and the State of Montana (State) petitioned the District Court to revoke the 5-year suspended portion of his original sentence based on the alleged violations.  The District Court held a combined evidentiary and dispositional hearing on the State's petition.  It revoked Damon's 5-year suspended sentence based on probation violations and sentenced Damon to a 5-year term with the DOC, with credit for 98 days of time served in the Detention Center after the arrest for the probation violations.  The District Court refused to credit Damon's sentence for "street time" during the probation period immediately following June 8, 2005, based on his early violation of his probation conditions, and denied Damon's request for credit for time served during the period he was incarcerated after arrest for the charges in the separate cause number.  The District Court subsequently entered its written disposition order and Damon appeals.

## STANDARD OF REVIEW

¶7     We review a criminal sentence for legality, determining whether the sentence is within statutory parameters.  *State v. Tracy*, 2005 MT 128, ¶ 12, 327 Mont. 220, ¶ 12, 113 P.3d 297, ¶ 12 (citations omitted).

## DISCUSSION

¶8     **1.  Did the District Court err in crediting Damon's sentence with only a portion of the time he served while incarcerated prior to the revocation of his sentence?**

¶9     Section 46-18-203(7)(b), MCA, provides that

> [i]f a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit.  The judge shall

state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served.

Damon contends that the plain language of the final sentence of the statute required the District Court, upon revoking his suspended sentence, to credit his new sentence with all the time he spent incarcerated in the Detention Center during the period of suspension, regardless of the underlying reason for that incarceration. Stated differently, he asserts entitlement to credit for the time he served in the Detention Center following his arrest for the charges in the separate cause number. Damon cites to no Montana case law supporting his position or otherwise interpreting the statute on which he relies.

¶10 We recently addressed § 46-18-203(7)(b), MCA, in the context of crediting time served in incarceration against multiple revoked sentences. In *Tracy*, the district court sentenced Tracy in two separate Yellowstone County cases in 1999. In the first case, the sentence was two prison terms of 5 years each, all suspended. In the second case, on the same day, Tracy was sentenced to a prison term of two years, suspended. All three sentences were to run concurrently. *Tracy*, ¶¶ 6-7. In 2000, Tracy's Yellowstone County sentences were revoked and the district court sentenced him in the first case to a 5-year commitment to the DOC, with four years suspended, and in the second case to a one-year DOC commitment, with the sentences to run concurrently. Tracy was transported to the Montana State Prison (MSP) to begin serving his sentences. Two months later, Tracy was transported to Cascade County where he was sentenced on a felony theft conviction to a 10-year commitment to the DOC, all suspended. That sentence was ordered to run concurrently with his prior

4

Yellowstone County sentences. Tracy then returned to the MSP. *Tracy*, ¶ 8. He eventually was released on probation on March 6, 2003. *Tracy*, ¶ 9.

¶11 In December of 2003, the district court revoked Tracy's 10-year suspended sentence on the Cascade County conviction and sentenced him to a 10-year prison term with 5 years suspended. The district court refused to credit Tracy's sentence with the time he served in the MSP while incarcerated on the Yellowstone County convictions, concluding that the incarceration was not directly related to his Cascade County sentence. *Tracy*, ¶ 10. Tracy appealed, arguing that § 46-18-203(7)(b), MCA, required he be given credit on his Cascade County sentence for all time he served in the MSP on his concurrent Yellowstone County sentences. *Tracy*, ¶ 24.

¶12 In *Tracy*, we observed that, pursuant to § 46-18-401, MCA, when a sentencing court orders a sentence to run concurrently with another sentence the defendant already is serving, the two sentences merge. *Tracy*, ¶ 27. Consequently, when Tracy's Cascade County sentence was ordered to run concurrently with the Yellowstone County sentences he already was serving, the Cascade County sentence merged with—and ran at the same time as—the Yellowstone County sentences. Thus, from the date the Cascade County sentence was imposed, it was necessary to credit all time served in detention on the Yellowstone County sentences against the suspended Cascade County sentence Tracy was serving simultaneously. *Tracy*, ¶ 28. We determined that "[w]ere we to hold otherwise, by the simple device of seeking revocation of some, but not all, of several concurrent sentences, the

5

State in this case would have been able to, in effect, convert a concurrent sentence to a consecutive sentence contrary to law." *Tracy*, ¶ 28.

¶13 In the present case, however, the parties agree that Damon's 10-year suspended sentence for felony obstructing justice was ordered to run consecutively to his revoked 5-year suspended sentence for felony criminal endangerment. Thus, unlike the situation in *Tracy*, Damon's revoked 5-year sentence does not merge with his 10-year suspended obstructing justice sentence; he must first serve the revoked 5-year sentence, then begin serving the 10-year suspended sentence. *See* § 46-18-401(1), MCA.

¶14 Pursuant to § 46-18-403(1), MCA, Damon received credit against his 10-year suspended sentence for the time he was incarcerated in the Detention Center between June 30 and November 2, 2005, as a result of his arrest for the obstruction of justice offense. Thus, when he begins serving that 10-year suspended sentence, the sentence will be reduced by that amount of time. Damon's incarceration from November 30, 2005, to March 7, 2006, was directly related to his arrest for violating probation conditions of his 5-year suspended sentence, and he received credit against the revoked sentence for that time. Had the District Court credited Damon's 5-year revoked sentence with the time he was incarcerated between June 30 and November 2, 2005, Damon would have received double credit for those days. Nothing in § 46-18-203(7)(b), MCA, entitles a defendant to additional credit against a revoked sentence for time served relating solely to a separate offense for which the defendant received a consecutive sentence credited with the same period of time served. We conclude the District Court correctly determined that Damon's revoked sentence should be credited

6

only with the time he served in incarceration between November 30, 2005, and March 7, 2006.

¶15 We hold that the District Court did not err in crediting Damon's sentence with only a portion of the time he served while incarcerated prior to the revocation of his sentence.

¶16 **2. Did the District Court err in failing to sufficiently state in its written disposition order its reasons for granting or denying credit against Damon's sentence for the time which elapsed prior to the revocation of his sentence?**

¶17 As stated above, § 46-18-203(7)(b), MCA, provides that

> [i]f a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served.

Damon asserts that this provision requires a sentencing court to state in its written disposition order its reasons for allowing or rejecting credit for both "street time" and time served incarcerated. On that basis, he argues the District Court erred in its disposition order by not expressly stating why it did not credit Damon's revoked sentence for the time he served in the Detention Center between June 30 and November 2, 2005.

¶18 In its disposition order the District Court stated Damon was to receive credit for 98 days time served, representing the time he was incarcerated in the Detention Center between November 30, 2005, and March 7, 2006, as a result of his arrest on probation violations. The court treated the remaining elapsed time, including the time Damon was incarcerated for his arrest on separate charges unrelated to his suspended sentence, as "street time" and denied credit against Damon's revoked sentence for such street time due to his early violation of his

7

probation conditions. We conclude that the District Court sufficiently stated its reasons for allowing and rejecting credit against Damon's revoked sentence for the time which elapsed prior to the revocation.

¶19    We hold the District Court did not err by failing to sufficiently state in its written disposition order its reasons for granting or denying credit against Damon's sentence for the time which elapsed prior to the revocation of his sentence.

¶20    Affirmed.

                                                    /S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE