FILED

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0143

DA 14-0143

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 49N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RANDALL ALAN DENNISON,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-99-213(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Randall Alan Dennison (self-represented); Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General; Helena, Montana

          Edward J. Corrigan, Flathead County Attorney; Kalispell, Montana

Submitted on Briefs:   October 15, 2014
Decided:   February 17, 2015

Filed:

                         Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Randall Alan Dennison appeals the January 27, 2014 order of the Eleventh Judicial District Court, Flathead County, which denied him credit for time served while he was on probation for a 1999 burglary conviction.  The judgment and sentence for which Dennison requests credit for time served was dated June 6, 2011, and entered June 7, 2011.  Nearly three years after the entry of judgment, Dennison filed his notice of appeal on March 7, 2014.  Therefore, Dennison's direct appeal of his sentence to this Court is untimely pursuant to the Montana Rules of Appellate Procedure, Rule 4(5)(b), which requires appeals in criminal cases to be taken within 60 days of the entry of judgment.[1]

¶3	On May 18, 2000, Dennison pled guilty to burglary, a felony, and was sentenced to 15 years with the Department of Corrections (DOC) with 10 years suspended.  That suspended sentence was revoked on May 26, 2005, for probation violations.  On June 9, 2005, Dennison pled guilty to felony Driving Under the Influence (2005 DUI).  On July 14, 2005, Dennison was sentenced to 10 years at Montana State Prison with 5 years suspended for the 1999 burglary, and 13 months with the DOC followed by 5 years suspended for the 2005 DUI.

---

[1] Dennison filed a reply brief on December 11, 2014.  However, under M. R. App. P. 13(1), "The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee." Because the Appellee, the State of Montana, filed its reply brief on August 12, 2014, Dennison had until August 26, 2014, to file his reply brief.  Dennison's reply brief was not timely filed, and we decline to consider the arguments therein.

The District Court vacated the July 14, 2005 sentence, and on May 17, 2006, the District Court held a dispositional hearing for both the 1999 burglary and the 2005 DUI. On June 22, 2006, the District Court filed a written judgment sentencing Dennison to consecutive sentences of 10 years with the DOC with 5 years suspended for the 1999 burglary, and a 13-month DOC commitment followed by a 5-year suspended term for the 2005 DUI. On September 8, 2010, the State filed petitions to revoke both of Dennison's suspended sentences. On February 24, 2011, the District Court granted the State's motion to dismiss the petition to revoke Dennison's suspended sentence for his 2005 DUI because Dennison's sentences were to run consecutively, and his sentence for the 2005 DUI had not yet begun.

¶4 On May 5, 2011, the District Court held a revocation hearing on Dennison's suspended sentence for the 1999 burglary, at which Dennison admitted to violating conditions of his suspended sentence. The District Court revoked the suspended sentence and sentenced Dennison to a 5-year commitment to the DOC. In the judgment and sentence dated June 6, 2011, Dennison was granted 234 days credit for time served pending the revocation of his suspended sentence, from September 14, 2010 to May 5, 2011, but denied credit for time served on probation.

¶5 Dennison filed a Petition for Amended Judgment, Request for Credit Time Served dated August 26, 2013. Dennison argued to the District Court that he should receive credit for time served while he was on probation for his 1999 burglary and credit for time served for his 2005 DUI. On January 28, 2014, the District Court denied Dennison's petition, citing

3

the June 6, 2011 judgment which expressly denied Dennison credit for time served while on probation. The January 28, 2014 order did not specifically address Dennison's 2005 DUI.

¶6      On appeal, Dennison argues that he should be granted credit for time served while on probation for his 1999 burglary. Dennison also argues that he should be granted credit for time in custody, which he attributes to his 2005 DUI. "We review a criminal sentence for legality, determining whether the sentence is within statutory parameters." *State v. Damon*, 2007 MT 276, ¶ 7, 339 Mont. 413, 170 P.3d 490. As explained above, however, Dennison's notice of appeal was filed on March 7, 2014, well beyond the 60 days allowed to appeal a district court judgment. M. R. App. P. 4(5)(b). We therefore deny Dennison's appeal as untimely. We note, however, that Dennison's appeal is without merit in any event.

¶7      Dennison contends he is entitled to credit for time served while on probation for his 1999 burglary. When a district court revokes a suspended sentence it may "expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit." Section 46-18-203(7)(b), MCA. The District Court's 2011 judgment and sentence expressly stated that Dennison "is not to receive credit for any time served on probation." The District Court was within its statutory authority to deny Dennison's request for credit for time served while he was on probation for his 1999 burglary.

¶8      Although the District Court did not address Dennison's request for time served on his 2005 DUI in the January 28, 2014 order, Dennison is not entitled to credit for time served on that offense either. Dennison's sentence for the 2005 DUI was not revoked. The Court dismissed the petition to revoke his 2005 DUI sentence on the State's motion. The May 5, 2011 revocation hearing and June 6, 2011 judgment dealt solely with Dennison's 1999

4

burglary charge. The 234 days Dennison spent incarcerated pending revocation were properly credited toward his 1999 burglary sentence. Accordingly, Dennison is not entitled to credit for time served for his 2005 DUI.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Dennison's appeal of his sentence is procedurally barred because he failed to file his appeal within the 60-day time limit pursuant to M. R. App. P. 4(5)(b). Furthermore, Dennison is not entitled to credit for time served while on probation for his 1999 burglary, and he is not entitled to credit for time served for his 2005 DUI. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶10     Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT

5