PETITION OF PAUL DYER.

No. 11663.
Decided July 24, 1969.
463 P.2d 895.

See also 153 Mont. 479, 456 P.2d 310.

PER CURIAM:

This Court received a petition for writ of habeas corpus from petitioner on April 17, 1969. On April 18, 1969, this Court ordered the matter referred to the Montana Defender Project so that they could interview petitioner, investigate the facts, and then be in position, in the event there was merit to his contentions, to represent petitioner in any further proceedings. Thereafter, on three separate occasions, this Court received letters from the petitioner questioning the status of his petition, the last of which was received on July 16, 1969. On July 21, 1969,

this Court received a letter from the Montana Defender Project advising that they had examined the merits of the case thoroughly but declined to take any action and now due to the lack of staff and time available, there was nothing further they would do in the proceeding.

Since the facilities available for aiding persons in petitioner's position have been exhausted, it becomes this Court's duty to make a determination, at this time, upon the petition as submitted by petitioner.

As we stated in our original order, the petition deals in a rambling manner with many contentions with regard to petitioner's ex-wife, none of which appear to have any connection with the crime of second degree assault to which petitioner alleges he entered a plea of guilty. Also, in support of his petition, petitioner contends that his rights to due process and equal protection of the law have been denied; but he does not indicate in what manner they have been denied, except to harp upon the now familiar refrain of ineffective counsel.

The burden is upon the petitioner to convince this Court that a writ should be issued. While we do not hold one appearing before us pro se to strict conformance with all the rules, at the same time there must be some credible reason shown for the writ.

There appearing no justification for petitioner's complaints the writ requested is denied and the proceeding is dismissed.