Justice Dirk Sandefur delivered the Opinion of the Court.
*1051 ***247 ¶1 Willard Youpee (Youpee) appeals from an order of the Montana Eighth Judicial District Court, Cascade County, revoking his suspended sentence and committing him to the Department of Corrections for ten years for commitment to an appropriate correctional facility or program. We affirm in part, reverse in part, and remand for entry of a corrected judgment.
¶2 Youpee raises three issues on appeal:
1. Did the District Court erroneously fail to specify whether Youpee's new sentence on revocation would run concurrently with his federal sentence?
2. Did the District Court erroneously fail to grant Youpee credit for time served in federal custody on his concurrent federal sentence?
3. Did the District Court erroneously fail to state its rationale for denying Youpee credit for street time?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 In 1978, Youpee was convicted of murder in federal court and sentenced to life in federal prison. In 2009, while on federal parole, Youpee committed the offense of Robbery, a felony, in violation of § 45-5-401, MCA. In 2010, the District Court sentenced him to a fifteen-year commitment to the Montana Department of Corrections with ten years suspended and 163 days of credit for time served. The judgment expressly provided that the sentence would run concurrently with any other sentence Youpee was then serving. After discharging the unsuspended portion of his state sentence, Youpee was transferred to federal prison for 845 days until he was released on federal parole and concurrent state probation in 2015. In September 2016, the District Court revoked Youpee's suspended state sentence due to probation violations and resentenced him to serve a ten-year commitment to the Department of Corrections for placement in an appropriate correctional facility or program. The court's oral and written sentencing orders ***248 were silent as to whether the new sentence on revocation ran concurrently or consecutively with Youpee's federal sentence.
STANDARD OF REVIEW
¶4 We review a criminal sentence de novo for legality and compliance with statutory mandates. State v. Seals , 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15 ; State v. Lenihan , 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).
DISCUSSION
¶5 1. Did the District Court erroneously fail to specify whether Youpee's new sentence on revocation would run concurrently with his federal sentence?
¶6 Youpee asserts that the District Court erroneously failed to specify whether his new sentence on revocation would run concurrently with his federal sentence as was the case with his original state sentence. Pursuant to § 46-18-203(7)(a)(iii), MCA, a district court may revoke a suspended sentence and "require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence ." (Emphasis added.) Here, the District Court failed to specify whether Youpee's new sentence on revocation would run concurrently or consecutively with his federal sentence. By default, separate sentences for two or more offenses run consecutively unless the court otherwise orders. Section 46-18-401(4), MCA. Thus, the *1052 District Court effectively imposed a longer term of imprisonment or commitment by failing to specify that Youpee's new sentence ran concurrently with his preexisting federal sentence. We hold that the District Court's failure to specify that Youpee's new sentence ran concurrently with any other sentence he was serving resulted in the imposition of an illegal sentence in violation of § 46-18-203(7)(a)(iii), MCA.
¶7 2. Did the District Court erroneously fail to grant Youpee credit for time served in federal custody on his concurrent federal sentence?
¶8 Youpee further asserts that the District Court also erroneously failed to credit his new state sentence for time previously served on a federal sentence running concurrently with his original state sentence. The State concedes that Youpee is entitled to credit for the time he served in federal custody after he discharged onto probation on his original state sentence. See State v. Tracy , 2005 MT 128, ¶ 27, 327 Mont. 220, 113 P.3d 297 (unrelated sentences merge when court orders ***249 that one runs concurrently with the other) and § 46-18-203(7)(a)(iii), MCA (term of commitment on new sentence on revocation may not exceed original term of commitment). On the State's concession, we hold that the District Court erroneously failed to credit Youpee for time served in federal custody after he discharged on to state probation.
¶9 3. Did the District Court erroneously fail to state its rationale for denying Youpee credit for street time?
¶10 Youpee last asserts that the District Court erroneously failed to state its reason for denying him credit for street time. The statute governing Youpee's sentence provided:
If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order .
Section 46-18-203(7)(b), MCA (2015) (emphasis added). The State counters that Youpee waived his claim for street time because the District Court imposed a legal sentence and Youpee did not contemporaneously object to the court's failure to explain why it did not grant street time credit.
¶11 We generally will not review an issue raised for the first time on appeal. Lenihan , 184 Mont. at 341, 602 P.2d at 999. However, as an exception to the general rule, the imposition of a sentence that is illegal or exceeds statutory mandates is a non-waivable defect subject to appellate review if timely raised on appeal. State v. Kotwicki , 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892 ; Lenihan , 184 Mont. at 343, 602 P.2d at 1000. Pursuant to Lenihan , Youpee asserts that the District Court's failure to state its rationale for denying him credit for street time is a non-waivable statutory defect subject to review regardless of his failure to timely object. The State contrarily asserts that the court's failure to state its rationale for not granting street time as required by § 46-18-203(7)(b), MCA (2015), was merely objectionable because the sentence was legal and the court had discretion under the statute to deny credit for street time. We agree with the State. A district court's failure to state the reason for the discretionary decision to grant or deny credit for street time under § 46-18-203(7)(b), MCA (2015), is a waivable statutory defect if the sentence imposed was facially legal and did not exceed statutory mandates. See Kotwicki , ¶¶ 13-22 (objection to fine imposed without consideration of ability to pay in violation of § 46-18-231(3), MCA, waived by failure to contemporaneously object). Here, apart from the illegality addressed in Issue 1, the District Court ***250 had discretion to deny street time and the mere failure to state the reason for doing so would not render an otherwise valid sentence facially illegal beyond the substantive limitations of §§ 45-5-401(2) and 46-18-203(7)(b), MCA (2015) (penalty for robbery and court discretion to grant or deny street time credit). Therefore, we hold that, by failing to contemporaneously object, Youpee waived his objection to the court's failure to state the reason for not granting credit for street time as required by § 46-18-203(7)(b), MCA (2015). *1053 CONCLUSION
¶12 In summary, we hold that the District Court's failure to specify that Youpee's new sentence ran concurrently with any other sentence he was serving resulted in the imposition of an illegal sentence in violation of § 46-18-203(7)(a)(iii), MCA. We hold further that the District Court also erroneously failed to credit Youpee for time served in federal custody after he discharged on to state probation. However, we hold that Youpee waived his objection to the court's failure to state the reason for not granting him street time credit as required by § 46-18-203(7)(b), MCA (2015).
¶13 Affirmed in part, reversed in part, and remanded for entry of a corrected judgment imposing a legal sentence and granting credit for time served in accordance with this Opinion.
We concur:
MIKE McGRATH, C.J.
LAURIE McKINNON, J.
INGRID GUSTAFSON, J.
JIM RICE, J.