ORIGINAL

FILED

10/31/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0614

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 23-0614

WILLARD DEAN YOUPEE,

Petitioner,

v.

PETE BLUDWORTH, WARDEN,

Respondent.

**O R D E R**

FILED

OCT 3 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Willard Dean Youpee has filed a Petition for Writ of Habeas Corpus. He indicates that the Department of Corrections (DOC) incorrectly calculated his sentence; that he should have been paroled; that he is due more jail time credit; that his sentence is longer than the law allows; and that he is entitled to good time credit. Youpee explains his procedural history and that he has both a state and a federal sentence. He requests recalculation of his sentence or a remand of his sentence to the District Court for a reduction.

Available electronic records indicate that, on March 1, 2010, the Eighth Judicial District Court, Cascade County, sentenced Youpee for felony robbery to the DOC for a fifteen-year term with ten years suspended. The court awarded him 163 days of credit for time served (hereinafter original sentence). Youpee did not appeal.

On August 31, 2016, the Cascade County District Court held an evidentiary hearing on a Report of Violation concerning two of Youpee's sentencing conditions. The District Court found that Youpee had failed to comply with his probationary conditions. The court revoked Youpee's previous sentence and imposed a ten-year DOC term and awarded 38 days of credit (hereinafter sentence upon revocation). The District Court asked the parties if Youpee has had any period of compliance. Youpee's probation officer advised the court that Youpee did comply when he could, but there were huge gaps when he should have reported monthly.

This Court is familiar with the sentence upon revocation at issue.[1] Through counsel, Youpee appealed his sentence upon revocation because it was silent as to whether it ran concurrently or consecutively with his federal sentence.[2] *State v. Youpee*, 2018 MT 102, ¶ 3, 391 Mont. 246, 416 P.3d 1050. This Court concluded that Youpee had an illegal sentence, in violation of § 46-18-203(7)(a)(iii), MCA, and that the court needed to specify that the sentence upon revocation "ran concurrently with his preexisting federal sentence." *Youpee*, ¶ 6. We also determined that, based upon the State's concession, "Youpee is entitled to credit for time served in federal custody after he discharged onto probation on his original state sentence." *Youpee*, ¶ 8. Lastly, we held that Youpee was not entitled to street time credit or elapsed time because he failed to contemporaneously object to the court's failure to state its reason for declining such an award. *Youpee*, ¶ 11. We remanded the underlying criminal case to the District Court to amend. *Youpee*, ¶¶ 12, 13.

On May 14, 2018, the District Court entered an Amended Evidentiary and Dispositional Order, thereby amending the 2016 judgment. The court stated: "This sentence shall run **concurrent** with any other sentence the Defendant is currently serving. The Defendant is given credit for **883 days**." (Emphasis in original).

Now, Youpee petitions this Court for further relief. His claims the Parole Board erred, violating his due process rights, when it gave insufficient credit for elapsed time and good time. Youpee has not provided any documents supporting his claim about a parole denial. He raised the issue of elapsed time in his appeal, *Youpee*, ¶¶ 9-11, and he is precluded from raising it here. Section 46-22-101(2), MCA. He is not entitled to good time credit because that credit applies to sentences imposed before 1995, and he committed his offense in 2009. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13 (repeal eff. Oct. 1, 1997)).

---

[1] In November 2016, Youpee also received a three-year, concurrent sentence for felony failure to register as a violent offender in the Cascade County District Court, which is not at issue here.

[2] In 1978, Youpee was convicted of murder in federal court and sentenced to life in federal prison. In 2009, while on federal parole, Youpee committed the felony robbery offense in Cascade County. *Youpee*, ¶ 3.

Youpee, however, presents one potentially viable claim: that his sentence is longer than the law allows and that he is entitled to additional jail time credit. Youpee received 883 days of jail time credit from both his sentence upon revocation and his time in federal custody. The total of 883 days comes from adding 38 and 845 days. What Youpee alleges is missing is the credit from the original sentence of 163 days. He alleges that amount of time has not been credited in the Amended Evidentiary and Dispositional Order after our remand. Youpee contends he is due 1,046 days of credit for time served: 163 days, 38 days, and 845 days.

Youpee has demonstrated a potentially facially invalid sentence because he contends he is due additional credit for time served in 2009-2010. We find it appropriate to require a response Therefore,

IT IS ORDERED that the Attorney General or counsel for the DOC may file a Response thirty days from the date of this Order to prepare, file, and serve a written response, either objecting to or conceding that Youpee is entitled to a total of 1,046 days of credit for time served.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Willard Dean Youpee personally.

DATED this 31ˢᵗ day of October, 2023.

_____
Chief Justice

_____

_____

_____
Justices

3