

FILED

12/12/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0614

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0614

_____

WILLARD DEAN YOUPEE,

    Petitioner,

v.

PETE BLUDWORTH, WARDEN,

    Respondent.

O R D E R

FILED

DEC 1 2 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

The State of Montana has filed a response to this Court's October 31, 2023 Order, explaining that self-represented Petitioner Williard Dean Youpee is not entitled to additional credit. We requested a response after indicating that Youpee raised potentially viable issues that his sentence was invalid. The State has provided a thorough response and clarified that Youpee's Petition for Writ of Habeas Corpus should be denied.

By way of background, on March 1, 2010, the Eighth Judicial District Court, Cascade County, sentenced Youpee for felony robbery to the Department of Corrections (DOC) for a fifteen-year term with ten years suspended. The court awarded him 163 days of credit for time served (hereinafter original state sentence).

In August 2016, after finding that Youpee had violated his conditions, the District Court imposed a ten-year sentence upon revocation to the DOC. Youpee appealed because the judgment was silent as to whether it ran concurrently or consecutively with his federal sentence. *State v. Youpee*, 2018 MT 102, ¶ 3, 391 Mont. 246, 416 P.3d 1050. This Court concluded that Youpee had an illegal sentence, in violation of § 46-18-203(7)(a)(iii), MCA, because, by the failing to specify the sentence was concurrent, the sentence by operation of law would be consecutive, which effectively imposed a longer term of incarceration. *Youpee*, ¶ 6. We also determined that, based upon the State's concession, "Youpee is entitled to credit for the time he served in federal custody after he discharged onto probation

on his original state sentence." *Youpee*, ¶ 8. Lastly, we held that Youpee was not entitled to street time credit or elapsed time because he failed to object contemporaneously to the court's failure to state its reason for declining such an award. *Youpee*, ¶ 11. We remanded the underlying criminal case to the District Court to amend. *Youpee*, ¶¶ 12, 13. Ultimately, Youpee received 883 days of jail time credit from both his sentence upon revocation and his time in federal custody.

In Youpee's pending Petition, we requested a response from the State concerning additional jail time credit as Youpee claimed. We mistakenly posited that Youpee was due additional time of 163 days in his original state sentence. Since then, Youpee has filed a supplemental pleading where he also requests 140 days of credit while he was in the Lewis and Clark County Detention Center (LCCDC) from November 17, 2022, to April 5, 2023. He attached a sentence calculation for his sentence upon revocation.

The State maintains that Youpee incorrectly claims he is entitled to additional credit. The State explains that Youpee is not entitled to the 163 days from his original judgment because Youpee received 163 days of credit against his five-year original state sentence in 2010 and that it cannot be re-added or re-applied to his sentence upon revocation. Thus, the State concludes that his ten-year sentence upon revocation cannot be reduced by adding or stacking credit. *See Katka v. Guyer*, No. OP 20-0365, 2020 Mont. LEXIS 2179, at *4-*5 (Aug. 4, 2020).

Further, the State point argues Youpee is not entitled to an additional 140 days of credit against his sentence upon revocation. While the 140 days may not appear with the credit for time served already awarded (883 days), the State provides that Youpee received credit for his incarceration because, since April 1, 2014, his sentence upon revocation continued to run. The State explains that Youpee received a grant of parole in 2021 and that he was a parolee when he violated. The State further explains that Youpee was serving his sentence upon revocation because it did not stop running while being held in the LCCDC. After Youpee was released on the charge in Lewis and Clark County, the State adds that he returned to prison where his parole was revoked and his sentence upon revocation continued.

2

We agree with the State and its calculation of time. Youpee has not demonstrated illegal incarceration because his sentence is valid. Section 46-22-101(1), MCA. He is not entitled to habeas corpus relief. Therefore,

IT IS ORDERED that Youpee's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Willard Dean Youpee personally.

DATED this 12ᵗʰ day of December, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3