FILED

05/13/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0616

OP 24-0616

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2025 MT 102

CHAD WILLIAMS,

        Petitioner,

    v.

TOM GREEN, Warden,
Dawson County Correctional Facility,

        Respondent.

| | |
|---|---|
| ORIGINAL PROCEEDING:: | Petition for Writ of Habeas Corpus<br>In and For the County of Missoula, Cause No. DC-96-12022<br>Honorable Tara J. Elliott, Presiding Judge |

COUNSEL OF RECORD:

    For Petitioner:

        Chad Williams, Self-Represented, Tutwiler, Mississippi

    For Respondent:

        Austin Knudsen, Montana Attorney General, Carrie Garber, Assistant
        Attorney General, Helena, Montana

                       Decided: May 13, 2025

Filed:

            _____
                     Clerk

Justice Ingrid Gustafson delivered the Opinion and Order of the Court.

¶1 Representing himself, Chad Williams has filed a Petition for Writ of Habeas Corpus, indicating that he is due elapsed time, or street time, credit and that the Missoula County District Court only awarded him jail time credit. In compliance with this Court's November 6, 2024 Order, the State responds that Williams's Petition should be denied. Williams has since filed a "Motion for Relief" where he complains about the extensions of time that this Court has granted the State to file a response.

¶2 Upon review, we conclude that Williams has not met his burden to demonstrate a facially invalid sentence with the District Court's denial of any elapsed time credit.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 The State provides more detail to Williams's history. Williams entered a guilty plea to the charge of attempted deliberate homicide in the Missoula County District Court. On October 15, 1996, the District Court sentenced him to the Montana State Prison (MSP) for a fifty-year term with twenty-five years suspended. The District Court also imposed a consecutive ten-year prison term for use of a weapon.

¶4 Williams received parole on May 30, 2007. His parole was revoked several times before he discharged the custodial portion of his sentence. On November 25, 2013, Williams began serving the suspended portion of his sentence. The State filed a Petition to Revoke on April 5, 2016, followed by four more supplemental Petitions to Revoke during the year. In May 2017, the District Court imposed a sentence upon revocation of twenty-five years to MSP.

2

**STANDARD OF REVIEW**

¶5     "[E]very person imprisoned or otherwise restrained of liberty within this state may prosecute a writ of habeas corpus to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint." Section 46-22-101(1), MCA. The next subsection also provides that "[t]he relief under this chapter is not available to attack the legality of an order revoking a suspended or deferred sentence." Section 46-22-101(2), MCA.

¶6     This Court has explained many times that "the burden in a habeas corpus proceeding is upon the petitioner to convince the Court that a writ should be issued." *Miller v. Eleventh Judicial District Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186 (citing *Petition of Dyer*, 154 Mont. 499, 500, 463 P.2d 895, 896 (1969), and *Petition of Tooker*, 148 Mont. 69, 73, 417 P.2d 87, 89 (1966)). A petitioner has "the burden of presenting to this Court a record that is sufficient to make a prima facie showing that the order of the District Court constituted a violation, deprivation, infringement, or denial of his constitutional, statutory, or legal rights." *Miller*, ¶ 14. *See also In re Hart*, 178 Mont. 235, 249-50, 583 P.2d 411, 418-19 (1978).

**DISCUSSION**

¶7     Williams states that he "added up [his] street time while . . . on probation." He provides that he started serving his suspended sentence on November 16, 2013, and that he was in compliance until August 16, 2016, or 1,003 days. Citing to § 46-18-203, MCA, he asserts that "[i]t is insufficient for a district court to deny STREET TIME based on a pattern

3

of criminal behavior." (Emphasis in original.) He points out that under the statute the record and recollection of the probation officer as well as other information must be provided to show when he violated. Section 46-18-203(7)(b), MCA (2017).

¶8      The State puts forth that Williams was not in compliance for all of the elapsed time. The State explains that, on August 18, 2016, Williams appeared with counsel in court and that he admitted to only three of the eighteen alleged violations. The court held an evidentiary hearing with testimony from the Probation Officers who submitted the Report of Violations, and the court found that the State had proven fourteen of the remaining allegations. The State submits a list of these violations in its Response, including Williams testing positive for methamphetamine and amphetamine on several different occasions; failing to comply with various placement instructions and with law enforcement; continuing to fail to report; and absconding after he removed his GPS monitoring device. The State provides that after the court found that Williams had committed seventeen violations, the court set a sentencing hearing for August 24, 2016, and Williams absconded again. The State adds that the District Court sentenced Williams on May 4, 2017, imposing a twenty-five-year prison term and awarding forty-one days of jail time served.

¶9      The State explains that Williams is not due any credit for elapsed time on probation because the 2015 version of the revocation statute applies to him and not the 2017 version as Williams cites. *See* § 46-18-203(7)(b), MCA (2015); § 46-18-203(7)(b), MCA (2017). The State further explains the "bright line" that this Court established in case law, referring to the effective date of legislative revisions for revocation proceedings before or after that

4

date. *See State v. Jardee*, 2020 MT 81, ¶ 10, 399 Mont. 459, 461 P.3d 108 (the 2017 version of the statute eliminates any discretion for allowing elapsed time credit with no violations while on probation). The State provides May 19, 2017, as the effective date of the 2017 version of § 46-18-203(7)(b), MCA, which is fifteen days after his revocation disposition. Pointing to the court's discretion to award elapsed time credit, the State points out that the court stated: "Any leniency was given in the original sentence and the Defendant did not take advantage of it." The State concludes that Williams has failed to establish that his sentence upon revocation is facially invalid or exceeds statutory mandates.

¶10   The State is correct that the 2015 version applies. This Court, however, does not see the "bright line" that the State advances. *Jardee*, ¶¶ 7, 10-11. Sections 46-18-203(7)(b), and 46-18-203(9), MCA, apply to *any* revocation proceeding. Both the 2015 and the 2017 versions of these provisions require the court imposing disposition to consider any elapsed time regardless of the date of the offender's conviction and regardless of the terms and conditions of the offender's original sentence and expressly allow or reject credit for it.[1]

¶11   The dispositive issue here is whether the District Court considered the time period for which Williams asserts he is due credit—November 25, 2013 to August 16, 2016—in

---

[1] The 2017 version merely refined the criteria the sentencing court is required to review in exercising its discretion—the records and recollections of the probation officer—and limited the court's discretion to require credit for elapsed time served without any record or recollection of violations.

5

imposing its revocation disposition and whether Williams objected or had opportunity to object at sentencing to the court's failure to award the credit. *Miller*, ¶ 14. If so, any review of error asserted in the exercise of the sentencing court's discretion was available through appeal, not through a habeas corpus action. *See State v. Youpee*, 2018 MT 102, ¶ 11, 391 Mont. 246, 416 P.3d 1050 (concluding that failure to object to the district court's denial of elapsed time credit without stating its reasons for doing so would not render an otherwise valid sentence facially illegal such that Youpee's failure to contemporaneously object, waived his objection to the court's failure to state the reason for not granting elapsed time credit under § 46-18-203(7), MCA (2015)). While the 2015 version of § 46-18-203(7)(b), MCA, contains the language, "the judge shall consider any elapsed time . . . ," Williams has not shown the District Court failed to consider the time period he asserts he is entitled to elapsed time credit. The State filed its Petition to Revoke on April 5, 2016, and included a copy of the Report of Violation, where his Probation Officer recorded Williams's use of methamphetamine on June 24, 2015, and that his transfer to Billings in September 2013 was not positive due to his struggles with employment, residence, and drug use and that after being transferred to Missoula, he was charged with a new felony on November 29, 2015. It is clear that at the dispositional hearing, the State sought revocation of his entire suspended sentence and advocated for a disposition that did not include credit for elapsed time. Thus, Williams was on notice at the time of his disposition hearing that the State sought to preclude credit for any elapsed time. It is not clear from the limited record before us whether Williams objected to the denial of any street time in the District Court during

6

the dispositional hearing but had an opportunity to do so.  The dispositional order imposed a twenty-five-year commitment to MSP with no credit for elapsed time provided.  Thus, Williams has not shown that there was a statutory violation that would render Williams's disposition illegal, even if incorrect.  *Miller*, ¶ 14.

¶12    In *State v. Lenihan*, 184 Mont. 338, 341, 602 P. 2d 997, 999 (1979), we provided a for review of a criminal sentence that is alleged to be illegal or in excess of statutory mandates even if the defendant raised no objection in the trial court.  As we noted in *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892, a defendant generally needs only to allege the court imposed an illegal sentence to invoke the *Lenihan* rule, but we have consistently held that a sentence is not illegal if it falls within statutory parameters, and we have also determined that a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one which would invoke the *Lenihan* exception.

## CONCLUSION

¶13    Regardless of the version of the statute, whether 2015 or 2017, Williams has come to this Court with a claim for elapsed time credit in an original habeas corpus proceeding where his revocation disposition falls within statutory parameters when he may not have objected to the denial in the District Court and when he did not appeal.  By failing to object or to appeal, Williams waived any claim of statutory defect.  We decline to apply the *Lenihan* rule here based on our reasoning in *Kotwicki* and *Youpee*.  Williams has not met

his burden in a habeas corpus case to prove a facially invalid sentence. *Miller*, ¶ 14; *Youpee*, ¶ 11.

¶14 IT IS ORDERED that Williams's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

¶15 IT IS FURTHER ORDERED that Williams's Motion for Relief is DENIED, as moot.

The Clerk is directed to provide a copy of the Opinion and Order to: the Honorable Tara J. Elliott, District Court Judge; Amy McGhee, Clerk of District Court, under Cause No. DC-96-12022; counsel of record, and Chad Williams personally.

DATED this 13th day of May, 2025.

/S/ INGRID GUSTAFSON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

8