FILED

05/13/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0374

DA 23-0374

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 101

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SUSAN JOANNE PAJNICH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-14-312C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James Park Taylor, Attorney at Law, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

      Travis R. Ahner, Flathead County Attorney, Stacy Lynne Boman, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs: March 26, 2025

Decided: May 13, 2025

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Susan Joanne Pajnich (Pajnich) appeals an order of the Eleventh Judicial District Court, Flathead County, revoking an earlier sentence for negligent vehicular assault. She argues, for the first time on appeal, that her 2018 sentence was illegal because she was entitled to additional credit for elapsed time. We address the following restated issue:

> *Whether a defendant who accepts a plea agreement providing a certain calculation of elapsed time may challenge that calculation on appeal when there has not been a contemporaneous objection or a mistake of fact.*

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     In 2014, Pajnich was driving with a .280 blood alcohol content when she hit a woman who was stopped on the side of the road to help an injured cat. The woman suffered severe injuries, and Pajnich left the scene without stopping or providing aid. Pajnich pleaded guilty to negligent vehicular assault and received a ten-year sentence to the Department of Corrections with seven years suspended. She was also ordered to pay restitution to the victim and to the victim's compensation fund.

¶3     On December 11, 2017, Pajnich began the suspended portion of her sentence. Less than a year later, in October 2018, the State petitioned to revoke the suspended sentence based on a report of violation alleging Pajnich was driving under the influence, consuming alcohol, and failing to pay restitution. Specifically, she had not paid restitution since March 2018. Pajnich entered into a plea agreement where she admitted to the allegations in exchange for the State dropping the DUI charge. The parties agreed to recommend a

2

seven-year commitment to the Department of Corrections with five years suspended. The parties also specifically agreed and memorialized in writing that Pajnich would receive 111 days of credit for elapsed time "from December 11, 2017 through March 31, 2018."

¶4 Pajnich did not question or object to this agreed-upon calculation at any time during the revocation or dispositional hearing, though she testified that medical problems had kept her from making restitution payments after March. The District Court revoked Pajnich's suspended sentence and, in accordance with the plea agreement, imposed a 7-year commitment to the Department of Corrections with 5 years suspended and 111 days' credit for elapsed time.

¶5 Pajnich completed the non-suspended portion of her sentence and returned to community supervision on June 29, 2020. A report of violation was filed in March 2022 alleging that Pajnich failed to report after being asked to return for a urinalysis sample; consumed alcohol; absconded after being directed to report for a sanction for her alcohol violation; and continued to fail to make restitution payments. Subsequent addenda alleged that Pajnich again admitted to consuming alcohol as well as methamphetamine and additional events of absconding. Pajnich admitted to all violations. The District Court imposed a five-year commitment to the Department of Corrections, recommended treatment and prerelease, and credited Pajnich with ten months' elapsed time as well as time served. Pajnich appeals from this order.

## STANDARD OF REVIEW

¶6 We review a criminal sentence de novo for legality and compliance with statutory mandates. *State v. Youpee*, 2018 MT 102, ¶ 4, 391 Mont. 246, 416 P.3d 1050 (citing *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15; *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)).

## DISCUSSION

¶7 *Whether a defendant who accepts a plea agreement providing a certain calculation of elapsed time may challenge that calculation on appeal when there has not been a contemporaneous objection or a mistake of fact.*

¶8 Pajnich argues for the first time on appeal that she was credited with an incorrect calculation of elapsed time during the 2018 revocation, thus making her sentence illegal. She asserts that she should have been credited 202 days rather than 111, seemingly accounting for time when she was not making restitution payments due to her medical issues.

¶9 There is an immediate question of whether Pajnich may raise the issue of elapsed time in her 2018 revocation when she neither contemporaneously objected nor appealed from that revocation. We generally will not review an issue raised for the first time on appeal. *See Youpee*, ¶ 11. However, an exception exists for appellate review of an illegal or statutorily excessive sentence as we have held these defects are non-waivable and thus subject to review if timely raised on appeal. *Youpee*, ¶ 11 (citing *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892; *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000 (1979)).

¶10 Here, no illegal or statutorily excessive sentence has been imposed because the calculation of elapsed time is supported by the record. Section 46-18-203(7)(b), MCA, provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served.

Here, there was a clear record of violation between March and October. Pajnich admitted to not paying restitution. She attempted to explain her behavior and the medical reasons that had precluded her from making payments, but she never contested that a violation had occurred.

¶11 Not only did Pajnich fail to argue at any point that she should be credited for elapsed time between March and October, but she also specifically agreed to 111 days of elapsed time in her plea agreement. This situation is distinguishable from *State v. Little Coyote*, 2023 MT 243, 414 Mont. 299, 539 P.3d 1142, upon which Pajnich relies, where we held that an improper calculation of time served led to an illegal sentence despite being memorialized in a plea agreement. There, the miscalculation was based on a mutual mistake of fact; all parties and the court believed that Little Coyote had served only 455 days when he had served 776 days. *Little Coyote*, ¶ 10 ("While the parties did enter into an agreement, the record suggests the agreed calculation of time served was based on inaccurate information."). This is not a mistake of fact as in *Little Coyote*, but rather a

5

purely legal argument that Pajnich affirmatively waived by entering into a plea agreement that included a specific calculation of elapsed time.

¶12 Additionally, when a district court is presented with a plea agreement that provides a specific and agreed-upon calculation of elapsed time, it creates a distinct situation from that contemplated by statute. According to § 46-18-203(7)(b), "if *the judge determines* that elapsed time should not be credited, the judge shall state the reasons for the determination in the order." (Emphasis added.) When the court is presented with a plea agreement providing a specific number of days which the parties agree are owed, the court may rely on the parties' agreement. Furthermore, a district court cannot be expected to provide reasons for denying elapsed time when no argument *for* elapsed time was ever made. Pajnich could have argued that she was due 202 days of elapsed time at her revocation. She did not.

¶13 We conclude no statutory violation occurred and Pajnich's sentence was legal. Her assertion that elapsed time was miscalculated in 2018 is based solely on a waived legal argument not made contemporaneously at the time of revocation and not preserved for appeal.

## CONCLUSION

¶14 We will not review on appeal the amount of elapsed time credited in a plea agreement absent an objection made by the defendant before the trial court or absent a mistake of fact.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY