FILED

02/10/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0311

DA 24-0311

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 25N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DANIEL BRENDAN LALLY,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DC-16-10
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Darcy Critchfield, Attorney at Law, PLLC,  Billings, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Selene Koepke, Assistant Attorney General, Helena, Montana

     Blaine Bradshaw, Granite County Attorney, Philipsburg, Montana

Submitted on Briefs: January 7, 2026

Decided:  February 10, 2026

Filed:

                                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Defendant Daniel Brendan Lally pled guilty to two counts of felony theft in the Third Judicial District Court, Granite County. He was sentenced on February 1, 2018, to concurrent terms of 10 years Department of Corrections (DOC) with 5 years suspended for each count, and given credit for time served. Relevant to this appeal, Lally's suspended sentences were revoked at the Revocation Hearing held on March 21, 2024, and he was sentenced to concurrent terms of 5 years DOC with no time suspended for each revoked sentence.[1] Based on the State's and Lally's agreement[2] as to the amount of elapsed time credit Lally was due, the District Court granted Lally 616 days of elapsed time credit. Lally contends on appeal that he was due 718 days of elapsed time credit and that the District Court erroneously denied him 102 days.

¶3    Despite acknowledging that Lally did not object to the amount of elapsed time with which he was credited upon revocation, Lally argues that we should consider his argument on appeal because the District Court imposed an unlawful sentence and it is therefore

---

[1] The District Court issued a Revocation Judgment on April 15, 2024, reflecting the revocation sentences imposed during the hearing.

[2] When asked by the District Court to advocate for a disposition at the revocation hearing, Lally's counsel stated: "I believe the Court has a . . . handle on the amount of days. I would agree with [the prosecutor]."

2

reviewable under *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979). In *Williams v. Green*, 2025 MT 102, ¶ 11, 422 Mont. 17, 568 P.3d 549, we held that a claim for elapsed time was waived when there was no objection at the revocation hearing. We held that the *Lenihan* exception did not apply because any alleged failure to award elapsed time credit was "an objectionable sentence, not necessarily an illegal one which would invoke the *Lenihan* exception." *Williams*, ¶ 12. In *State v. Pajnich*, 2025 MT 101, ¶ 11, 422 Mont. 12, 568 P.3d 562, we held that the defendant was not entitled to elapsed time because she failed to argue for additional elapsed time and specifically agreed to the amount of elapsed time to which she was due in her plea agreement. Lally attempts to distinguish *Williams* from the present case because it was a habeas corpus petition, and *Pajnich* because the agreement on elapsed time was included in a plea agreement. But as we noted in *Pajnich*:

> [A] district court cannot be expected to provide reasons for denying elapsed time when no argument *for* elapsed time was ever made. Pajnich could have argued that she was due 202 days of elapsed time at her revocation. She did not.

*Pajnich*, ¶ 12 (emphasis in original). The same holds true here. Lally not only failed to object to the amount of elapsed time awarded but specifically agreed with the prosecutor's calculation. Lally waived any objection to the elapsed time calculation and did not preserve the issue for appeal. *Pajnich*, ¶¶ 12-13.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

applicable standards of review. The District Court's April 15, 2024 Revocation Judgment crediting Lally with 616 days of elapsed time is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE