FILED

05/05/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0211

DA 25-0211

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2026 MT 96

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KARREN KAY SCHMIEDEKE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-17-058C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Britt Cotter, Cotter Law Office, P.C., Polson, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Michael Dougherty, Assistant Attorney General, Helena, Montana

      Travis Ahner, Flathead County Attorney, Ashley S. Frechette, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs:  April 1, 2026

Decided:  May 5, 2026

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Appellant Karren Kay Schmiedeke ("Schmiedeke") appeals the Order of Revocation and Disposition entered January 22, 2025, by the Eleventh Judicial District Court, Flathead County. Schmiedeke asserts she is entitled to twelve days additional jail time credit and three months additional street time credit. We affirm.

¶2 We restate the issues on appeal as follows:

1. *Whether the District Court erred by failing to award twelve days of jail credit from Schmiedeke's 2019 revocation.*

2. *Whether the District Court erred by failing to award three months of street time from Schmiedeke's 2019 revocation.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On June 11, 2015, Schmiedeke was convicted of Criminal Endangerment in DC 14-274 for which she received a five-year suspended commitment to the Department of Public Health and Human Services ("DPHHS"). On October 26, 2017, she was convicted of Issuing a Bad Check in DC 17-058 for which she also received a five-year suspended commitment to the Department of Corrections ("DOC"), concurrent to the DC 14-274 sentence, and credited for the one day she served in custody on this offense prior to sentencing.

¶4 On February 19, 2019, in a consolidated proceeding, the State petitioned to revoke the suspended time of both sentences. Following hearing, the District Court revoked both suspended sentences and imposed concurrent five-year suspended DOC commitments and ordered Schmiedeke receive credit for 14 days served in custody during the revocation.

2

She was also given 5 months of elapsed street time credit—which her counsel explained to the court was jointly agreed upon.

¶5 On August 24, 2022, the State filed its second consolidated petition for revocation of Schmiedeke's suspended sentences. At hearing on March 16, 2023, the District Court revoked Schmiedeke's suspended sentence on the basis that she violated its terms and conditions. Following disposition hearing, the District Court followed the joint recommendation of the parties, imposing concurrent dispositions of commitment to DOC for 5 years, all suspended, on each cause. Pursuant to the joint recommendation, the court also gave her credit for three days of incarceration (August 3, 2022, August 4, 2022, and September 13, 2022) as well as 17 months of credit for street time.

¶6 On September 30, 2024, the State filed a third petition seeking revocation of Schmiedeke's suspended sentence in DC 17-058 only. At the January 21, 2025 hearing on the petition, Schmiedeke entered admissions to some of the asserted violations and the State offered additional evidence as to other asserted violations. At the conclusion of the hearing, the District Court found Schmiedeke had violated several terms and conditions of her suspended sentence and revoked the same. In disposition, the District Court imposed a 5-year, unsuspended commitment to DOC. Pursuant to joint agreement, the court gave Schmiedeke credit for one day of incarceration (October 4, 2024). As to street time credit, the State advocated she should be given 9 months, while Schmiedeke asserted she was entitled to 12 months of such credit. The District Court agreed with Schmiedeke and awarded her 12 months of credit for successful elapsed street time. At this hearing, the

3

parties also discussed and agreed that in addition to credit for the one day of incarceration and 12 months of street time awarded in relation to the third revocation proceeding, in prior proceedings Schmiedeke was granted incarceration and successful street time credit as to both DC 14-274 and DC 17-058 as follows:

(1) One (1) day served in the Judgment and Sentence dated November 15, 2017.

(2) Fourteen (14) days served in custody and five (5) months served on probation in the Order of Revocation and Disposition dated November 8, 2019.

(3) Three (3) days served in custody and seventeen (17) months served on probation in the Order of Revocation and Disposition dated August 8, 2023.

## STANDARD OF REVIEW

¶7     Calculating credit for time served is a legal mandate. *State v. Tippets*, 2022 MT 81, ¶ 10, 408 Mont. 249, 509 P.3d 1.  "As such, a lower court's determination of credit for time served is reviewed for legality and we exercise de novo review."  *Tippets*, ¶ 10 (citation omitted).

¶8     Revocation decisions involve both legal and factual findings, and we review legal findings de novo and factual findings for clear error; "thus findings of fact regarding a probationer's credit for elapsed time or time served are reviewed for clear error."  *State v. Charles*, 2025 MT 58, ¶ 10, 421 Mont. 210, 565 P.3d 1191 (citation omitted).  Pursuant to § 46-18-203(7)(b), MCA, if a suspended sentence is revoked the judge shall consider any elapsed time, consult the records and recollections of the probation officer, and allow all of the elapsed time served without record or recollection of violation as a credit against the sentence.   Section 46-18-203(7), MCA, also requires the court to state the reasons for

4

permitting or denying elapsed time credit. In *State v. Youpee*, 2018 MT 102, 391 Mont. 246, 416 P.3d 1050, this Court recognized that sentencing courts have discretion under § 46-18-203(7), MCA, to grant or deny street time credit and, so long as the sentence imposed is facially legal and does not exceed statutory mandates, the failure to contemporaneously object to the sentencing court's abuse of discretion in granting or denying street time credit waives its challenge thereafter. *Youpee*, ¶ 11.

**DISCUSSION**

¶9 *1. Whether the District Court erred by failing to award twelve days of jail credit from Schmiedeke's 2019 revocation.*

¶10 Schmiedeke asserts she is entitled to 12 additional days of jail time credit for time served between July 31 and August 11, 2014. She asserts that in DC 14-274 the court properly awarded her 12 days of jail credit for pre-adjudication incarceration and that since the District Court imposed concurrent five-year DOC commitments in DC 14-274 and DC 17-058 upon disposition on October 17, 2019, she is entitled by virtue of the sentences merging to 12 additional days jail credit in DC 17-058.

¶11 Schmiedeke is correct that upon pronouncement of the sentence in DC 17-058 to be concurrent with DC 14-274, the two sentences merged. *See State v. Damon*, 2007 MT 276, ¶ 12, 339 Mont. 413, 170 P.3d 490. But Schmiedeke is incorrect that the 12 days served in pre-adjudication incarceration in DC 14-274—which was prior to imposition of her sentence in DC 17-058—must be credited in DC 17-058. As of October 26, 2017, the date the sentence was pronounced in DC 17-058, DC 17-058 merged with the sentence in DC 14-274 such that from that date forward Schmiedeke was entitled to credit for time

5

served thereafter, if any, and credit for street time elapsed without record of violation thereafter, if any, in both cases.

¶12     As discussed by the State, this is consistent with our holding in *State v. Tracy*, 2005 MT 128, 327 Mont. 220, 113 P.3d 297.  In 1999, Tracy was sentenced to two separate suspended sentences in Yellowstone County.  *Tracy*, ¶ 5.  These suspended sentences were revoked in early 2000.  *Tracy*, ¶ 8.  Shortly thereafter, Tracy was sentenced in Cascade County to a suspended 10-year DOC commitment which was pronounced to run concurrent with the Yellowstone County revocation dispositions.  *Tracy*, ¶ 8.  Upon pronouncement of the Cascade County sentence, it merged with the prior Yellowstone County dispositions. *Tracy*, ¶ 28.  Tracy remained incarcerated until sometime in 2003 when he was released to probation.  *Tracy*, ¶ 9.  Several months after release, Tracy's Cascade County sentence was revoked and upon disposition he was sentenced to ten years to MSP, with five of those years suspended, and no credit for time served.  *Tracy*, ¶ 10.  Tracy appealed, asserting he was entitled to credit for time served on his concurrent Yellowstone County dispositions. *Tracy*, ¶ 22.  This Court agreed, specifically determining that "[a]fter the commitment in th[e] Cascade County case was imposed and specifically made to run concurrent, it merged with and ran at the same time as those in Yellowstone County."  *Tracy*, ¶ 28.  Subsequent to May 24, 2000, the date the Cascade County sentence was imposed, Tracy was entitled to credit against each of the concurrent commitments for the time he was incarcerated and this Court accordingly vacated Tracy's Cascade County disposition and remanded to the Cascade County district court to give him credit for the "time served subsequent to May 24,

6

2000, in a detention center or on home arrest, in connection with the concurrent Yellowstone County sentences referenced herein." *Tracy*, ¶ 31. Tracy was not entitled to additional credit in the Cascade County cause for time served on the Yellowstone County dispositions prior to May 24, 2000, the date of sentencing in the Cascade County cause which, from that date forward, merged the Cascade County sentence with the Yellowstone County dispositions. *Tracy*, ¶ 28.

¶13 Pronouncement of a sentence or disposition to run concurrent with another cause, results in merger of the sentences/dispositions from the date of the pronounced concurrent sentence or disposition. *Tracy*, ¶ 28. Credit for time served and successful street credit earned is accrued to each of the merged sentences/dispositions thereafter. *Tracy*, ¶ 28. As such, Schmiedeke is not entitled to an additional twelve days of jail credit served in DC 14-274, prior to the merger of her sentences on October 26, 2017.

¶14 *2. Whether the District Court erred by failing to award three months of street time from Schmiedeke's 2019 revocation.*

¶15 Schmiedeke asserts the District Court erred by failing to award her three additional months of successful street time during her first revocation hearing in 2019. Schmiedeke asserts the "probation officer documented two separate periods totaling eight months of compliance in 2019, but due to a mistake by the attorneys, the district court awarded only five months." The State counters that Schmiedeke stipulated to five months of elapsed credit and did not argue for additional elapsed street time credit, thus, waiving the issue for appeal.

¶16 "Issues raised for the first time on appeal are generally not reviewed. However, an exception exists for appellate review of illegal or statutorily excessive sentences, as these defects are non-waivable and subject to review if timely raised on appeal." *State v. Pajnich*, 2025 MT 101, ¶ 9, 422 Mont. 12, 568 P.3d 562. Here, the disposition imposed was facially legal and does not exceed statutory mandates. As we determined in *Youpee*, failure to contemporaneously object to the sentencing court's granting or denying street time credit waives its challenge thereafter. *Youpee*, ¶ 11. Not only did Schmiedeke fail to contemporaneously object to the District Court's determination of credit for successful street time, Schmiedeke stipulated to it. As we stated in *Pajnich*, when a district court is presented with "a specific and agreed-upon calculation of elapsed time, it creates a distinct situation from that contemplated by statute." *Pajnich*, ¶ 12. Further, "[w]hen the court is presented with [] a specific number of days which the parties agree are owed, the court may rely on the parties' agreement." *Pajnich*, ¶ 12. A district court cannot be expected to provide additional credit for elapsed time where no argument for additional elapsed time is made and the parties stipulate to the elapsed time credited by the district court. No statutory violation occurred; Schmiedeke's disposition was legal, and her assertion that elapsed time was mistakenly stipulated to is based solely on a waived legal argument not made contemporaneously at the time of revocation and not preserved for appeal.

¶17 Upon reviewing this record—and those of several recent appeals where defendants, like Schmiedeke, have churned perpetually in the criminal justice system—we recognize that sentencing courts frequently have inadequate information at the time of sentencing or

disposition to determine (1) what suspended time actually remains to be revoked on a defendant's suspended sentence, (2) the actual number of days the defendant has been incarcerated, or (3) the time elapsed without record or recollection of violation. The overall circumstances become even murkier when the defendant has had a series of different attorneys representing him/her over multiple revocation proceedings and/or when the district court, in serial revocations, repeatedly revokes the original suspended time and then awards credit for time served and successful street time credit accruing between each revocation. Such a practice results in situations like Schmiedeke's where the original five-year suspended term is revoked and reimposed several times with a series of dispositional orders awarding credits for the period of time from the last revocation to the latest disposition. Determining remaining suspended time then requires courts to review several disposition orders to compile the jail and street time credit previously awarded and deduct it from the original suspended sentence.[1] To avoid the confusion this creates in trying to determine if the series of credits have actually been applied, we recommend that upon filing a petition for revocation, the State delineate the specific time available for the court to revoke and outline what credits it asserts the defendant is entitled to upon disposition. We encourage defendants to advise the court of any objection to the State's calculation of suspended time remaining eligible for revocation and to delineate any objection to or agreement with the State's position regarding credits it asserts the defendant

---

[1] We commend the District Court here in attempting to accomplish this on the record at the disposition hearing of January 21, 2025, and in doing a thorough job of outlining the credits awarded at this disposition, as well as those awarded at prior disposition proceedings.

is entitled upon disposition. To the extent there is dispute, it is incumbent on the parties to present the court with sufficient evidence to resolve factual disputes. We encourage courts to revoke only remaining suspended time eligible for revocation and to specifically delineate credits for time served and its determination of credit for elapsed time, together with its reasoning for allowing or denying any credit for elapsed time.

¶18    As an example, assume a defendant received an original sentence of five years to the DOC, all suspended, and six months later the State files a revocation petition. The parties appear at hearing on the petition and stipulate to 30-days jail credit and five-months successful elapsed time credit. On disposition, the district court follows the recommendation, revoking the original five-year suspended time, imposing a five-year suspended DOC commitment, and awarding the credits to which the parties stipulated. Six months after the first disposition, the State files a second revocation petition. At that time, the State should apprise the district court that the available time remaining for revocation is 4.5 years or 1,643 days.[2] If the district court again revokes, it would revoke only the remaining suspended time of 1,643 days. The parties should then provide the district court with argument, evidence, or stipulation as to what credits the court should award for time served and successful elapsed time and the district court should specify the credits awarded and the basis for awarding or denying any requested credit. To determine the remaining

---

[2] This is calculated by taking the original five-year suspended time of 1,825 days and then subtracting 30 days for jail credit (1,825-30=1,795), and then subtracting 5 months for successful street time (which is 152-153 days depending on which months elapsed) to get the remaining suspended time available for revocation (1,795-152=1,643).

10

suspended time which would be available in the event of a third revocation proceeding, the credits determined by the district court should be deducted from the 1,643 days revoked.

**CONCLUSION**

¶19    Schmiedeke is not entitled to credit in DC 17-058 for her 12 days pre-adjudication incarceration in DC 14-274 as she served those days prior to the merger of her DC 14-274 and DC 17-058 sentences, which occurred on October 26, 2017.[3]   When sentences/dispositions merge by pronouncement of a concurrent sentence/disposition, from the date of the pronounced concurrent sentence/disposition forward, a defendant is entitled to credit for time served thereafter, if any, and credit for street time elapsed without record of violation thereafter, if any, in each and every merged sentence/disposition.  We will not review the amount of elapsed time credited where no contemporaneous objection is made and the parties stipulate to the elapsed time credit pronounced by the court.

¶20    Affirmed.

/S/ INGRID GUSTAFSON

---

[3] After briefing was submitted, the State filed a Motion to Strike asserting this Court should strike portions of Schmiedeke's Reply Brief.  Specifically, the State sought to strike Schmiedeke's request for remand to the District Court to amend the disposition order to expressly provide the five-year DOC commitment in DC 17-058 runs concurrently with the suspended sentence in DC 14-274.  Schmiedeke objected, asserting the relief requested was directly related to her challenge set forth in her Opening Brief of the legality of her credit calculation following the 2019 revocation, including her entitlement to jail credit and street time credit arising from the interaction of DC 14-274 and DC 17-058.  We agree with Schmiedeke and deny the Motion to Strike.  Further, remand to the District Court is not necessary as the Opinion makes clear when these sentences merged and how incarceration and street time credit is to be calculated by DOC—"As of October 26, 2017, the date the sentence was pronounced in DC 17-058, DC 17-058 merged with the sentence in DC 14-274 such that from that date forward Schmiedeke was entitled to credit for time served thereafter, if any, and credit for street time elapsed without record of violation thereafter, if any, in both cases." Opinion, ¶ 11.

11

We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE